RUSSELL D. MINER, Appellant, v. ANNIE M. BEEKMAN et al., Respondents.

Section 78 of the Code, which limits the time for the commencement of actions for the recovery of the possession of real property to twenty years, includes only those actions which, prior to the Code, were actions at law for the recovery of real property or its possession.

Where one claiming to be the owner in fee of lands subject to the lien of a mortgage, of which lands the mortgagee is in possession, institutes an action seeking for an accounting, for liberty to pay the amount ascertained to be due upon the mortgage, and upon payment to be let into possession; such action is not embraced within section 78, but comes within the provisions of section 97, which limits the time for the commencement of actions for relief, not before provided for in the preceding sections, to ten years.

Such a cause of action, however, does not accrue when the money secured by the mortgage becomes due, but only when the mortgagee enters into possession; and *it seems* not then, if the mortgagee enters and continues in possession avowedly as mortgagee, not claiming the fee. While

the owner of the fee of lands continues liable to an action for the fore-
closure of a mortgage or for the payment of any encumbrance thereon
which is past due, he has a continuing right to invoke the aid of equity to
determine the amount of the lien, if uncertain, and to compel its discharge
upon payment; and an action to enforce this right cannot be barred by
the statute of limitations.

But where a purchaser upon a foreclosure sale enters into possession,
claiming title under such sale, the right to an action for this equitable
relief, of a grantee from the mortgagor, as to whom the foreclosure is
a nullity, for the reason that he was not made a party thereto, is barred
after the possession of the purchaser or his grantee has continued for
ten years.

Where an owner has permitted his right to satisfy a mortgage to remain
dormant for nearly thirty years, during which time others have paid the
assessments and taxes and made improvements, in the belief that they had
title under a foreclosure of the mortgage, equity will require, as a con-
dition of his regaining possession, the payment of such assessments and
taxes and for such improvements, in addition to the amount of the mort-
gage.

(Argued November 13, 1872 ; decided November 19, 1872.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, affirming a judgment
in favor of defendants entered upon an order of the court
upon trial at Special Term dismissing plaintiff's complaint.
(Reported below, 42 How. Pr., 33.)

The action was brought by plaintiff, claiming to be the
owner of the fee of certain premises in New York city, against
defendants, as grantees of a mortgagee in possession, ask-
ing to have the amount of the mortgage determined, and
upon payment that the same be discharged of record, and
plaintiff be let into possession.

On the 3d of November, 1838, Isaac M. Woolley, being
owner in fee of four lots of land on Fourth avenue, in the
city of New York, with his wife executed to Leonard W.
Lawrence a mortgage thereon for $1,000, payable November
3d, 1839. On the 16th of May, 1842, Woolley conveyed the
same land, subject to the mortgage, to the plaintiff. On the
5th of November, 1842, a suit was commenced to foreclose
the mortgage, in which notice of lis pendens was filed, and
the suit resulted in a decree of foreclosure and sale of the

mortgaged premises, which were sold under the decree, January 19, 1843, and on the 16th of March, 1843, the master executed a deed to the purchaser, Lawrence, the mortgagee. The plaintiff was not a party to the suit. On the 12th of March, 1867, Lawrence and wife conveyed a part of the premises to Isaac R. Kendall, and on April 1st, 1869, Kendall conveyed a part of the same premises to the defendant, Annie Beekman, and a part to the defendant, Hugh Crombie, under which they both took and hold possession. Woolley paid interest on the mortgage to Lawrence up to May 1st, 1841.

When the plaintiff rested the defendants' counsel moved to dismiss the complaint on the ground that the action was barred by the statute of limitations, which motion was granted.

*J. M. Hawes* for the appellant. The alleged foreclosure, as to plaintiff, is a nullity. (*Kortright* v. *Cady*, 21 N. Y., 343; *Peabody* v. *Roberts*, 47 Barb., 91; *Gage* v. *Brewster*, 31 N. Y., 218, 223; *National Fire Ins. Co.* v. *McKay*, 5 Abb. [N. S.], 445, 450, 451; 3 J. C. R., 465; 4 Kent, 184; 2 Seld., 562, 565; *Brainard* v. *Cooper*, 10 N. Y., 356, 359, 360; *Packer* v. *Rochester and S. R. R. Co.*, 17 N. Y., 283–289; *Kemble* v. *Wallis*, 10 Wend., 347; *Bruce* v. *Tilson*, 25 N. Y., 194–202; *Phyfe* v. *Riley*, 15 Wend., 248; *Chase* v. *Peck*, 21 N. Y., 581, 586.) The ten years' statute of limitations does not apply to this case. (4 Kent, 11th ed., 213–215, note 1; *Nat. Fire Ins. Co.* v. *McKay*, 5 Abb. [N. S.], 445–450; 1 R. S., title 2, ch. 4, part 3; *People* v. *Molyneux*, 40 N. Y., 113; *Marion* v. *Lewis*, 61 Barb., 49; *Borst* v. *Corey*, 15 N. Y., 505; Story's Eq. Jur., § 1028; *Moore* v. *Cable*, 1 J. Ch. R., 385; *Demarest* v. *Wynkoop*, 3 id., 129, 135, 136; *Robinson* v. *Fife*, 3 Ohio St. R., 551, 560; R. S. Wis., 1858, 821, § 22; *Knowlton* v. *Walker*, 13 Wis., 264; *Waldo* v. *Rice*, 14 id., 286; Code, § 90.) The court may grant any relief consistent with the case made by the complaint and embraced within the issue. (Code, §§ 69, 275; *Emery* v. *Pease*, 20 N. Y., 62; *Barlow* v. *Scott*, 24 id.,

40; *Corn Exch. Ins. Co.* v. *Babcock*, 42 id., 646; *Phillips* v. *Gorham*, 17 id., 273; *Greason* v. *Keteltas*, 17 id., 491; *Marquat* v. *Marquat*, 12 id., 336; *Conaughty* v. *Nichols*, 42 id.; 83; *Davis* v. *Morris*, 36 N. Y., 569; *Lattin* v. *McCarty*, 41 id., 109; *Lamb* v. *Buckmiller*, 17 id., 626; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 id., 263; *N. Y. Ice Co.* v. *N. Y. Ins. Co.*, 23 id., 357; *Dobson* v. *Pearce*, 12 id., 165; *Crary* v. *Goodman*, 12 id., 266; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 id., 604; *Bartlett* v. *Judd*, 21 id., 205; *Penn. Coal Co.* v. *Del. and Hud. Canal Co.*, 1 Keyes, 72; *Trurcott* v. *King*, 6 N. Y., 165; *Roy* v. *Platt*, 4 Paige, 77.)

*A. R. Dyett* for the respondents. Defendants are mortgagees in possession. (25 N. Y., 320; 47 id., 261.) The right to commence this action accrued November 4, 1839. (2 R. S., 301, § 52; id., 192, § 158; Code, § 97; *Elwood* v. *Deifendorf*, 5 Barb., 399; *Calkins* v. *Calkins*, 3 id., 305; 20 N. Y., 147; *Spoor* v. *Wells*, 3 Barb. Ch. R., 199; *Davis* v. *Duffie*, 8 Bosw., 617; *Peabody* v. *Roberts*, 47 Barb., 91; *Bruce* v. *Tilson*, 25 N. Y., 194; *Sykes* v. *Roberts*, 30 Barb., 473; *Kortright* v. *Cady*, 21 N. Y., 365; *Wells* v. *Pierce*, 3 Keyes, 102; *Cleaveland* v. *Boerum*, 24 N. Y., 613.) A tender is not necessary to maintain a bill in equity to redeem. The tender affects only the question of costs. (25 N. Y., 194; 28 id., 535.) Plaintiff could not have maintained an ejectment against the defendants, mortgagees in possession. (*Chase* v. *Peck*, 21 N. Y., 581, 586, DENIO, J.; *Phipps* v. *Reilly*, 15 Wend., 248.) The right of the mortgagor is only "an equity of redemption." (2 R. S., Edm. ed., 382, § 31; *Charter* v. *Stevens*, 3 Den., 33; *Hill* v. *Beebe*, 13 N. Y. [3 Kern.],* 565; *Olcott* v. *Tioga R. R. Co.*, 27 id. [13 Smith], 547, 566; *Chase* v. *Peck*, 21 id., 586; *Watson* v. *Spence*, 20 Wend., 263; *Tibbs* v. *Morris*, 44 Barb., 146; *Walsh* v. *The Rutgers Fire Ins. Co.*, 13 Abb., 39; *Hartley* v. *Harrisson*, 24 N. Y., 172, 174, etc.; *Shields* v. *Lozear*, 34 N. J. [5 Vroom.], 496; *Winslow* v. *Clark*, 2 Sickels, 261.) The mortgagor could not

bring an action at law against the mortgagee in possession. (*Fuller* v. *Acker*, 1 Hill, 475; *Burdick* v. *McVanner*, 2 Den., 170.) The equity of redemption is barred by statute at the expiration of ten years. (4 Kent's Com., 213; 2 R. S., 2d ed., 229, § 52; *Peabody* v. *Roberts*, 47 Barb., 91; *Randall* v. *Rabb*, 2 Abb. Pr. R., 307; *Oakes et al.* v. *Howell*, 27 How. Pr. R., 145; *Calkins* v. *Isabel*, 20 N. Y., 147; *Bennett* v. *Cook*, 45 id., 268; *Wells* v. *Pierce*, 3 Keyes, 102; *Van Allen* v. *Feltz*, 1 id., 332; *Appleby* v. *Brown*, 24 N. Y., 144; *Roberts* v. *Sikes*, 30 Barb., 173; *Van Nest* v. *Lott*, 16 Abb., 130.)

GROVER, J. The counsel for the appellant insists that the action may be regarded as one for the recovery of real estate, and that therefore the time limited for its commencement, after it accrued by statute, is twenty years. (Code, § 78.) But this, within the meaning of the statue, is not an action for the recovery of real property. That was intended to include such cases only as prior to the enactment of the Code were actions at law for the recovery of real property or its possession, which were triable by jury. This is manifest from all the provisions of the Code fixing the time within which actions for all purposes must be commenced. All the allegations of the complaint in this case show that the plaintiff, claiming to be the owner of the fee of the lots in question, subject to the lien of a mortgage thereon given by his grantor, of which the defendants were in possession as mortgagees, under such mortgage, instituted the action for an accounting between the parties, and for liberty to pay the amount ascertained to be due, and, upon such payment being made, to be let into possession. This, instead of an action to recover real property or its possession within the meaning of the Code, was an equitable action to have the amount due upon the mortgage ascertained, and the sum that upon equitable principles he was bound to pay to exonerate the lands from the lien fixed upon payment, a discharge of the lands from the encumbrance and the possession given to him of such a

suit prior to the Code, no court of law had jurisdiction. It was exclusively of equity cognizance. The case is not altered by the fact that a recovery of the possession is prayed for as a part of the relief sought, and which may be had in the action. The latter relief was always given in equity in like cases prior to the Code. An examination of the various provisions of the Code, limiting the time for the commencement of actions, shows that the relief sought in this action is not specially provided for in any of them. Hence it comes within § 97, which provides, that an action for relief, not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued. The majority of the court below rightly held that ten years was the limit fixed for the commencement of the action after the cause accrued. The question is, when did it accrue? Was it the time when the money secured by the mortgage became due, or the time when the defendants or their grantors entered into posession? If the former, the judgment is right, as the money became due much more than ten years prior to the commencement of the action. If the latter, the judgment dismissing the complaint was erroneous, as there was no proof tending to show that the defendants or their grantor entered into possession ten years before the commencement of the action. The argument upon the part of the defendants, is that the mortgagor, upon the money becoming due, has a right to come into a court of equity to have the amount of the lien determined, and discharged of record upon payment. So far, his position is correct. The right to such an action then accrues. But is the deduction therefrom equally sound; that is, that this right is barred by the statute after the lapse of ten years? If so, the mortgagor after this is placed in a somewhat embarrassing condition. I am now speaking of a case where the mortgagor has continued in possession. He remains liable to an action for the foreclosure of the mortgage after the lapse of ten years, his title remains encumbered upon the record, and he has no power to get it discharged. It may be said that he can discharge the lien by a tender of the amount due upon

the mortgage. (*Kortright* v. *Cady*, 21 N. Y., 343, and cases cited.) But although this will discharge the land, it will not relieve it from the apparent encumbrance upon the record, which may be a matter of considerable importance to the mortgagor. Besides, the amount due may be uncertain, and the aid of equity may be necessary to determine it, and the evidence of the tender may be lost. It is an acknowledged branch of equity jurisdiction to remove clouds from the title at the suit of the owner of the fee. Such owner has a right to invoke this aid. But must he do it within ten years after the commencement of the cloud, or may he do it at any time during its existence while he continues such owner? My conclusion is, that this is a continuing right that may be asserted at any time during the existence of the cloud; never barred by the statute of limitations while the cloud continues to exist. This results from the continuing character of the right, which is equally as potent after the lapse of eleven years as it was during the first ten. It is a right inherent in the owner of the fee to have clouds removed, and apparent but not real encumbrances discharged of record at all times. While the owner of the fee continues liable to an action for the foreclosure of a mortgage or for the payment of any encumbrance upon his land which is past due, he has a continuing right to the aid of equity to determine the amount, if uncertain, and to compel its discharge upon payment, and an action to enforce this continuing right cannot be barred by the statute of limitations, for the reason that it is continuing. This is analogous to the rule as to private nuisances, which are regarded as continuing injuries; and although damages sustained therefrom cannot be recovered for more than six years prior to the commencement of the action, yet a recovery may be had for this period, although the nuisance had its origin before such time. This conclusion is sustained by the learned editor of the 11th edition of Kent's Com., note, vol. 4, 213. But the present is a much stronger case against the bar of the statute. Here the plaintiff, who has acquired the title of the mortgagor, is out of possession. The defendants, if they have acquired the rights of the

mortgagee, can defend their possession by virtue of the mortgage. (*Phyfe* v. *Riley,* 15 Wend., 248; *Chase* v. *Peck,* 21 N. Y., 581.)

The aid of equity has in that case become necessary for the plaintiff to remove this mortgage before he can recover possession. But when did such aid become essential to him? Clearly not until the defendants or their grantor entered into possession. Then, and not until then, did the plaintiff require this remedy to regain the possession. This cause of action for this purpose did not accrue until such possession was taken. This has been so held by the Supreme Court of Wisconsin, under a statute almost precisely similar to that of this State. (*Knowlton* v. *Walker,* 13 Wis., 264; *Waldo* v. *Rice,* 14 id., 286.) The statute, I think, would not then commence running had the defendants or their grantor entered and continued in possession, avowedly as mortgagees, and would not run while they so held, for the reason that it is a continuing right of the owner to pay off and discharge a mortgage, and, by so doing, regain the possession of the land. But so far as appears in this case, neither the defendants nor their grantor so entered and held the possession, but, on the contrary, claimed the entire fee, under deeds in fee, commencing with the deeds of a master in chancery, given upon a sale made in an action for the foreclosure of the mortgage in question to the purchaser. The plaintiff not having been made a party to this action, it is a nullity as to him. (*Gage* v. *Brewster,* 31 N. Y., 218.) Under these facts, if the possession of the defendants or their grantor has continued for ten years, the action is barred by the statute, otherwise not. It is suggested, by the counsel for the plaintiff, that as more than twenty years had elapsed from the time the money became due upon the mortgage before the commencement of the action, the presumption of payment created by the statute has attached. It is a complete answer to this, that the complaint contains no allegation of payment. Besides, it sets forth the foreclosure, sale and claim of title under these proceedings. It is also insisted by the counsel that the defendants have not

acquired the mortgage, and cannot therefore be regarded as mortgagees in possession. But the purchaser at a mortgage sale, ineffectual to pass the title, acquires thereby title to the mortgage. (*Robinson* v. *Ryan*, 25 N. Y., 320; *Winslow* v. *Clark*, 47 id., 261.)

When, as in this case, a plaintiff has permitted his right to satisfy a mortgage to remain dormant for nearly thirty years, during which others have paid the assessments and taxes, and made improvements in the belief that they had title under a foreclosure of the mortgage, he cannot complain that, as a condition of regaining possession, he is compelled to account for and pay such taxes, assessments and for such improvements, according to the just and enlightened principles of courts of equity.

The judgment appealed from must be reversed, and new trial ordered, costs to abide event.

All concur.

Judgment reversed.