By the Court.
O’Gorman, J.
The respondent denies that the taxes are unpaid and in arrear, and avers on the' contrary, that they were paid before the relator acquired title to the lots ; that proceedings weré taken by the corporation of the city of New York to enforce payment of those taxes; that under those proceedings, the lots were sold and the taxes paid by the purchasers at the sales, which sales took place in 1859, and November, 1866.
Respondent further avers, in opposition to relator’s claim, that more than ten years before commencement of the present proceedings have elapsed, since the right to make this demand on the Clerk of Arrears accrued.
The relator acquired title to the lots in 1871. These proceedings were begun September, 1881, and the relator seeks this relief as a means of removing a cloud on his title.
If the taxes in question are not in arrear and unpaid, and do not constitute a hen or a cloud on his title, he is not entitled to the relief he asks. The respondent, the Clerk of Arrears, should not be compelled to accept from relator now and give a receipt for money in payment of taxes, which are not in arrear, but were in fact paid by another person in 1866, and which have since then ceased to be a hen on the lots.
All the evidence given on the part of the respondent on that subject is, that proceedings were taken to sell ‘ these lots. At the sales, the city received the amount of the taxes for which the property was sold, and the money was turned into the city treasury. “It was the purchaser at the sale who paid the money ; the purchasers at the sales paid the taxes.” No evidence was given on the part of the relator, impugning the legality and validity of these proceedings and of the sales thereunder.
In the case of Clementi v. Jackson, Registrar of Ar *319 rears of the city of Brooklyn (91 N. Y. 591), a mandamus was issued similar in its purpose and form to that in the case at bar. But there, it was proved that the taxes in question were illegally issued, the sales were void, and the purchasers acquired no right or title by virtue of the sales or of the leases subsequently granted. It was there, as in the case at bar, contended by the respondent, that the taxes did not remain unpaid, as the purchaser at the tax sale paid them. The court says: “We do not think the payments made by the purchaser were payments of the taxes. He did not make the payments for the benefit of the relator, or on her behalf, nor for the purpose of discharging the property from the hen for taxes, but made them on his own behalf, for the purpose of acquiring an interest in the property by virtue of the sales made by the city to enforce that lien, in consequence of non-payment of the taxes.” The court, therefore, held that it was the duty of the respondent, the Registrar of Arrears, to accept the sum tendered by the relator in discharge of the taxes.
If then it does not appear in the case at bar, either by evidence or by legitimate presumption of law, that the taxes on relator’s lots were lawfully imposed and the sales of the same were lawfully made, the payment by the purchaser of the amount of the taxes was not payment of the taxes and they are still a lien on the lots and a cloud on the title.
As has been above stated, there is no evidence here either in favor of or against the legality of the taxes or sales, and unless there is some legal presumption in their favor, the case comes under the influence of the decision of the case of Clementi first above referred to.
It is well settled, that every statutory authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued. It is not a case for presuming that public officers have done their duty, but their acts must be shown and the “ onus ” is on the purchaser (Hilton v. Bender, 69 N. Y. 81).
*320 In the absence of affirmative proof, therefore, in the case at bar, of compliance, as to these sales, with the jurisdictional pre-requisites for their legality, they must be held to be illegal and to confer no rights on the purchaser, and his payments of the purchase money were not payments of the taxes, which are, as far as these payments are concerned, still in arrears (Re Clementi, supra).
The next question raised by the respondent, is, whether the relator’s right to tender payment and demand a receipt for payment of these taxes is not barred by limitation. (Code, § 414, sub. 4 ; §§ 388-410). Taxes laid on real estate continue to be hens thereon until paid (Ch. 381, Laws 1811). The debt remains, and while it remains a debt, can be discharged (Waltermire v. Westover, 14 N. Y. 20).
It is a cloud on the relator’s title, and while it remains a cloud, it can be removed (Miner v. Beekman, 50 N. Y. 343; People ex rel. Townshend v. Cady, 50 Super. Ct. 399).
The relator here has no contention with the purchaser at the sales. He is not a party to this proceeding, and is not affected by it.
The judgment of the special term appealed from must be affirmed, with costs.
Sedgwick, Oh. J., concurred.