ASENATH HOYT, RESPONDENT, *v.* CHARLES M. PUTNAM, AND OTHERS, APPELLANTS.

*Statute of limitations — an action to reform a deed must be brought within ten years — when a party cannot recover land conveyed without first having his deed reformed.*

August 26, 1842, one Burrows died seized of a farm which he devised for the use of his widow and children until the youngest should come of age, when an undivided one-third was given to the plaintiff, his widow, and an undivided two-thirds to his two sons Ezra and Avery. The will was not proved until October 11, 1881. Within a year after the testator's death the widow removed with her children to another county, since which time she has not resided on the farm. The farm was rented until 1854 when Ezra came of age and took possession of the farm, continuing thereon until 1861, when the sons divided the farm by quit-claim deeds, Ezra taking the south and Avery the north half, both then knowing of the mother's interest under the will. April 1, 1862. Avery, having become a soldier, conveyed the north half to his mother to hold the title for his children. Avery continued to receive the rents and profits and in 1869 induced his mother to convey the north half of the premises by a warranty deed, dated April 1, 1869, to Ezra, which was duly recorded on September 21, 1869.

April 1, 1869, Ezra mortgaged the whole farm to one Hoyt, by a mortgage which was recorded January 18, 1871, Hoyt knowing of the plaintiff's claim when he took the mortgage. On April 1, 1879, this mortgage was assigned to Putnam and Minor who paid the full amount then unpaid, but had notice of the plaintiff's interest. January 1, 1876, Ezra mortgaged the whole premises to Putnam and Minor to secure the payment of a debt the time of payment of which was thereby extended. April 1, 1879, Ezra and wife conveyed the whole farm to the wives of Putnam and Minor.

March 28, 1883, the plaintiff brought this action to have her deed of the north half reformed, so as to reserve her third interest therein, and to recover her one-third in the whole farm, with damages for the withholding thereof:

*Held,* that as to the north half of the farm the action was not for the recovery of real property, but one to procure a reformation of the plaintiff's deed, and that it was barred by the ten years' statute of limitations.

That as Hoyt took his mortgage with actual notice of the plaintiff's rights, and as Minor and Putnam purchased the same with like notice, no lien was created thereby upon the plaintiff's interest in the south half of the farm.

APPEAL from a judgment, entered upon the decision of the court at the Delaware Circuit, on a trial before the court without a jury.

August 26, 1842, Daniel A. Burrows died seized in fee of a farm, which he devised for the use of his widow and children until his youngest son became of age (which was in 1856), then an undivided one-third to his widow (this plaintiff) and an undivided two-thirds to his two sons, Ezra S. Burrows and Avery P. Burrows, to be equally divided between them. The will was not admitted to probate until October 11, 1881. Within a year after the testator's death the widow removed, with her children, to another county, since which time she has not resided on the farm, which was rented until 1853 or 1854, when Ezra S. Burrows became of age and entered into possession of the farm, and continued therein until June 22, 1861, when the sons divided the farm. Ezra S. Burrows and wife quit-claimed the north half to Avery P. Burrows, who, with his wife, quit-claimed the south half to Ezra S. Burrows. The sons at this time knew of their mother's interest under the will.

April 1, 1862, Avery P. Burrows executed a deed to his mother of the north half of the farm, which was duly recorded April 14, 1862. This deed was without consideration and was executed because the grantor had become a soldier and desired his mother to hold the title for his children. The mother (plaintiff) never claimed under the deed, and Avery P. Burrows continued to receive the

rents and profits until April 1, 1869, when he sold his interest in
the north half to Ezra S. Burrows, and procured the plaintiff to
convey to Ezra S. Burrows said north half by a warrantee deed
dated April 1, 1869, and duly recorded September 21, 1869.

April 1, 1869, Ezra S. Burrows mortgaged the whole farm to
Reuben Hoyt (plaintiff's second husband) to secure the payment of
$1.200, which mortgage was duly recorded January 18, 1871.
When Hoyt took the mortgage he knew plaintiff claimed to own
one-third of the mortgaged premises under the aforesaid will, and
the plaintiff knew that the mortgage was given and that it covered
the entire premises. April 1, 1879, Charles M. Putnam and James
S. Minor paid to Hoyt the full amount unpaid on said mortgage
and took an assignment thereof. The court found that Putnam
and Minor knew when they took the assignment that plaintiff
claimed a one-third interest in the mortgaged premises, but this
finding is challenged on this appeal. January 1, 1876, said Ezra S.
Burrows mortgaged the whole farm to said Putnam and Minor to
secure the payment of a debt then due of $1,648.70, by which
mortgage the time for its payment was extended. This mortgage
was duly recorded July 5, 1876.

April 1, 1879, Ezra S. Burrows and wife conveyed the farm to
Harriet E. Putnam, wife of Charles E. Putnam, and Mary E. Minor,
wife of James S. Minor, who entered into and now remain in
possession, claiming the whole farm.

March 28, 1883, plaintiff began this action to have her deed of
April 1, 1869, to Ezra S. Burrows of the north half of the farm
reformed so as to reserve therefrom her one-third interest, and for
the recovery of a one-third interest in the whole farm, with damages
for the withholding.

The Putnams and Minors answered that Charles M. Putnam and
James S. Minor were mortgagees in good faith and for value, and
that Harriet Putnam and Mary E. Minor were grantees of the fee
in good faith and for value, and the will not having been proved
within four years after the testator's death, they acquired priority
over the plaintiff under section 3, 1 Revised Statutes, 748, and also
that the ten years' statute of limitations was a bar to the reformation
of the deed.

The court held that the mortgage given to Putnam and Minor

January 1, 1876, was taken for value in good faith, without notice of plaintiff's claim, and was entitled to priority over plaintiff's claim, but held that Hoyt, when he took his mortgage of April 1, 1869, knew of plaintiff's claim, and that Putnam and Minor when they took the assignment thereof, April 1, 1879, had notice of plaintiff's claim, and that this mortgage was subject to plaintiff's claim, directing a judgment in favor of the plaintiff for the recovery of an undivided one-third part of the farm, subject to the amount unpaid on the mortgage given to Putnam and Minor January 1, 1876. The improvements were found to be equal to the value of the use and occupation, and but six cents damages were awarded to the plaintiff for withholding possession.

From this judgment the Putnams and Minors appeal.

*Arthur More*, for the appellants.

*Isaac H. Maynard*, for the respondent.

FOLLETT, J.:

The plaintiff, by her deed of April 1, 1869, parted with her title to one-third of the north half of the farm, and before she can recover this third her title must be restored by a reformation of the deed. This action was begun nearly thirteen years after the date of that deed, and the defendants answer that the ten years' statute of limitations (Code of Civ. Pro., § 388) bars her right to recover a judgment reforming the deed, and, consequently, is a bar to her recovery of one-third of the north half of the farm. Is this action, so far as it relates to the north half, an "action for the recovery of real property," within the meaning of the Code, or is it an action to reform her deed? This question will be more clearly presented by excluding from our view the rights of the parties in the south half of the farm, and considering the question as arising in an action relating solely to the north half.

An action founded on the title of the plaintiff may be maintained for the recovery of real property if brought within twenty years after the right of action accrues. In such a case, strangers cannot limit the right to ten years by the interposition of forged conveyances or of fraudulent deeds or judgments to which the plaintiff is not a party. (*Graham* v. *Luddington*, 19 Hun, 246.)

And as it was held in the case cited, it is immaterial, so far as the statute of limitations is concerned, whether the remedy is sought by a legal or an equitable action; but if the plaintiff has parted with his title, and can only recover through a judgment setting aside or reforming his own conveyance, and thereby restoring his title, the action cannot be maintained unless brought within ten years after the right of action accrues. (*Miner* v. *Beekman*, 50 N. Y., 337; *McTeague* v. *Coulter*, 6 J. & S., 208.) In *Graham* v. *Luddington* (*supra*) the plaintiff had title, and recovered on the strength of it. The judgment and deed interposed as a defense arose out of the fraudulent acts of others, and in no way affected her title or right of recovery. As before stated, this plaintiff cannot recover one-third of the north half until her title to it is restored by a reformation of her grant.

The instrument sought to be reformed is not an executory contract; the plaintiff has not remained in possession of the land, nor does the action arise out of undiscovered fraud; but it is for the reformation of plaintiff's deed, under which her grantee held possession for ten years, and from whom the defendants in interest have acquired title, possession and liens. *Oakes* v. *Howell* (27 How., 145) was brought by a vendor against a vendee, April 11, 1861, for the reformation of an executory contract for the sale of land, dated September 22, 1849, the last payment upon which fell due March 1, 1861. It was held that the right of action accrued at the date of the contract, and was barred by the lapse of ten years. This case goes much further than it is necessary to go to sustain the defendant's position in the case at bar.

So far as this action relates to the north half, it is not an action for the recovery of real property within the meaning of the statute of limitations. The primary cause of action does not rest on or arise out of the plaintiff's title, because she has none, but arises out of her mistake in conveying all instead of two-thirds of her title in the north half, and this part of the case falls within section 388 of the Code of Civil Procedure, and is barred by the lapse of ten years.

The only remaining question arises over the rights of the parties in the south half of the farm, in which the plaintiff has not conveyed her interest. Reuben Hoyt took his mortgage with actual notice that plaintiff owned one-third of the farm. This fact is undisputed.

The court finds that Charles M. Putnam and James S. Minor purchased this mortgage from Hoyt with like notice, which finding is challenged by the appellants. This question was sharply contested before the trial court, and the evidence is so conflicting that the finding ought not to be overthrown.

The defendants, Harriet Putnam and Mary E. Minor, took their title for the benefit of their husbands, paying nothing, and are in no better position than their husbands.

This is not an action for the recovery of land within the Code, and triable before a jury. Persons are parties hereto who are not proper parties in such an action (Code Civ. Pro., §§ 1502, 1503); and under the pleadings rights are sought to be adjudicated, and were adjudicated, which could not be in such an action, and this judgment may be properly modified, without costs to either party on this appeal.

The judgment is modified by declaring the Hoyt mortgage to be a lien upon the whole of the north half, and a lien upon an undivided two-thirds of the south half of the farm, and as modified affirmed, without costs to either party.

Judgment to be settled before FOLLETT, J.

So ordered.