JULIA SIMMONS, AS ADMINISTRATRIX, ETC., OF HENRY P. SIMMONS, DECEASED, RESPONDENT, v. JOHN JOHNSON AND OTHERS, APPELLANTS.

*Judgment-creditors' action — when a sale to the debtor's wife, under a judgment of foreclosure, will be held to be fraudulent as to his creditors.*

This action was brought by the plaintiff's intestate to charge a farm with the payment of a judgment recovered by him against the defendant John Johnson, on March 4, 1876, upon a promissory note, dated March 23, 1871, in an action commenced in July, 1872. On April 2, 1869, John Johnson conveyed the farm subject to a mortgage of $1,739 (made by him, under date of June 17, 1867, to his sister Mary Ann Briggs), to Oliver Johnson, and took from him a mortgage to secure the payment of upwards of $4,000 of the purchase money; neither the deed nor the last-mentioned mortgage was recorded. By a deed, dated April 6, 1871, John Johnson conveyed the farm, subject to the Briggs mortgage, to Clark Wales and Eugene Wales, pursuant to an agreement made by Oliver Johnson with them, and received from them a mortgage for $4,977. On June 26, 1874, the farm was purchased by Mary Ann Briggs at a sale under a judgment recovered in May, 1874, in an action commenced in February, 1874, to foreclose her mortgage, for the sum of $2,100, that being the amount then due on her mortgage, including the costs and expenses of the action.

On April 9, 1875, she conveyed the premises to the defendant Eliza, John Johnson's wife, for $2,250, taking from her a mortgage to secure the payment of the purchase-money.

Prior to this time, and in the spring of 1873, the Wales having made default in the payment of the moneys secured by their mortgage, the defendant John Johnson went into possession of the farm and thereafter remained in possession thereof until the time of the purchase by his wife, and has ever since resided there. The referee found that the farm was worth upwards of $5,000, and that the foreclosure and the conveyance were made with intent to defraud the plaintiff's intestate, and directed that the premises be sold and the plaintiff's judgment be paid out of the proceeds of sale remaining after the satisfaction of the Briggs mortgage.

*Held*, that the evidence warranted the conclusion of the referee and the judgment directed by him.

That the fact that the mortgage, held by the defendant John Johnson's wife, was valid and the proceedings regular, did not preclude evidence and inferences legitimately arising from them of a purpose tainted with fraud as against the creditors of the mortgagor.

While a married woman may purchase and hold property as well as any other person, and exclude the husband from any control or beneficial enjoyment of it, that relation is not necessarily excluded from consideration when the circumstances fairly show that it has a bearing upon the question of his intent in enabling her to take title and absorb his interest in the property.

APPEAL by the defendants from a judgment, entered in Ontario county on the report of a referee.

The action was in the nature of a creditor's bill, brought by the plaintiff's intestate, to charge certain property with the payment of his judgment against the defendant John Johnson. The judgment was recovered March 4, 1876, upon a promissory note of date, March 23, 1871, in an action commenced July, 1872. For some time prior to April 2, 1869, this defendant Johnson owned the farm in question subject only to a mortgage of date June 17, 1867, made by him to Mary Ann Briggs, to secure the payment of $1,739. On April 2, 1869, he by deed conveyed the premises to Oliver Johnson, and took from him a mortgage to secure the payment of upwards of $4,000 of the purchase-money. This deed was not nor was the mortgage recorded. Oliver Johnson made an agreement with Clark Wales and Eugene Wales to sell to them the farm, and pursuant to the arrangement the deed of date April 6, 1871, was made to them by the defendant John Johnson, and they made to him a mortgage to secure $4,977 of the purchase money. These conveyances were made subject to the mortgage held by Mary Ann Briggs, and, in February, 1874, she commenced an action to foreclose her mortgage which resulted in a judgment in May, 1874, and in a sale pursuant to it June 26, 1874, at which she was the purchaser for $2,100, being about the amount due on the mortgage, including the costs and expenses of the action and sale, and April 9, 1875, she conveyed the premises to the defendant Eliza H. Johnson, for the consideration of $2,250, and took from the latter a mortgage to secure the payment of substantially all the purchase-money. It seems that the Wales' made default in payment of the moneys secured by their mortgage and abandoned the premises, and the defendant John Johnson went into possession in the spring of 1873, and thereafter remained in possession until the purchase by his wife, and has since then resided there. The farm was worth upwards of $5,000, and at the time of the purchase of it by her, his wife, Eliza H. Johnson, had no separate estate. The referee found that the foreclosure of the Briggs mortgage, the purchase by the mortgagee and the conveyance by her to the defendant Eliza H. Johnson, were had pursuant to an understanding with the judgment-debtor and with the intent to defraud the creditor Simmons and to defeat the collec-

tion of his debt, and directed that the premises be sold and out of the proceeds of sale remaining after the satisfaction of the Briggs mortgage debt, secured by the mortgage of Mrs. Johnson to her, the plaintiff's judgment be paid out of the residue. Judgment was entered accordingly.

*E. W. Gardner*, for the appellants.

*Edwin Hicks*, for the respondent.

BRADLEY, J. :

The referee's finding that the transaction of foreclosing the Briggs mortgage, resulting in the purchase by the mortgagee and conveyance to the wife of the judgment debtor, was had with the intent to hinder, delay and defraud the plaintiff's intestate as creditor, is challenged by the defendants' counsel who contends that it is not supported by evidence. The validity of the mortgage is not questioned, nor is the regularity of the proceedings in the action to foreclose the mortgage or in those of the sale pursuant to the judgment. We think the evidence warranted the conclusion of the referee that the purpose on the part of the defendant John Johnson was to defeat the collection from him of the debt, which afterwards went into the judgment recovered by Simmons against him, after a litigation of three and a half years ; and that it was by his procurement and with that view that the action to foreclose the mortgage was instituted and the subsequent proceedings had which resulted in the conveyance to his wife. And the circumstances permitted the inference that the parties to such conveyance were chargeable with notice of such intent on his part, and did what was done by them in aid of his purposes in that respect. The apparent effect of such action and proceedings was to divest Johnson of his interest as mortgagor which was of the value of $3,000, and vest the title in his wife, and the substitution of her mortgage for his upon the same property for the debt due Mrs. Briggs, and without any personal responsibility other than that furnished by the title to the property taken by her mortgagor. It is true that Mrs. Briggs, as mortgagee, had the undoubted right to proceed to foreclose her mortgage, to become the purchaser at the sale, and thereupon to make such disposition as she pleased of the property ; and from

such proceedings so founded upon her right to take them, the presumption would go in support of her title in that manner obtained. But the fact that the mortgage was valid and the proceedings regular do not preclude evidence and inferences legitimately derivable from it of a purpose tainted with fraud as against the creditors of the mortgagor, else the form of judicial proceeding might become an effectual shield as against third persons who are in no situation to become parties defendant in actions so brought, although those made defendants as in this instance permit judgment by default, and through its result, or in the proceedings founded upon it, surrender whatever interests they have, however valuable they may be, and thus deny to their creditors the means of any available remedy for the satisfaction of their claims out of the property rights so relinquished. While the judgment may be conclusive upon the parties to the action in which it is rendered, the consequence is not so to third parties under such circumstances. (*Humes* v. *Scruggs*, 94 U. S., 22; *Lewis* v. *Rogers*, 16 Penn. St., 18; *Clark* v. *Douglass*, 62 id., 408; *Whittlesey* v. *Delaney*, 73 N. Y., 571.)

The judgment in the foreclosure action was no other than such as the mortgagee was entitled to. The creditor was not prejudiced by that, otherwise than by the means it furnished to extinguish the junior mortgage lien of the debtor on the property, which was accomplished by the execution of the judgment. The motive of a party in the prosecution of an action, to obtain that to which he is rightfully entitled, is not ordinarily the subject of attack by third parties. And the purpose in such case becomes a matter of criticism only when it involves the consideration of the means employed to accomplish the result, and when those means are not consistent with a purpose honest or fair towards others who may have some interest to protect. The complaint of the plaintiff here is that the mortgagor was permitted, by the mortgagee to use the process of the court and to cause the execution of its judgment in the name of the former for his benefit, and to accomplish the purpose of defrauding the plaintiff's intestate, his creditor. And the circumstances justify that inference. The mortgagee realized nothing from the execution of her judgment other than another mortgage for the amount of her debt, although the property had a value nearly three times that sum. The mortgagor permitted his lien to be extinguished by the

sale to his sister of the property for the amount of her debt, and she conveyed to the plaintiff's wife the property for a like consideration secured wholly by the mortgage of the latter. And while she has the title it is difficult to see that he is not beneficially interested in the use and enjoyment of the farm, as it apparently still remains under his management, although he assumes the relation of agency to his wife.

While a married woman may purchase and hold property as well as any other person, and exclude the husband from any control or beneficial enjoyment of it, that relation is not necessarily excluded from consideration when the circumstances fairly give bearing to it upon the question of his intent, in enabling her to take title and absorb his interest in it. There is evidence to the effect that having made a contract with a person to build a house on the premises, Johnson said to him after the timber had been procured for it, that " he was going to have the farm sold and wanted to get things in shape so that Simmons wouldn't get hold of it," and did not then want him to commence the work, and that after the sale he was directed by Johnson to proceed with it. This may have been treated by the referee as a circumstance of some significance, and there are others appearing in the evidence which may have been treated as bearing in like direction, amongst which was the fact that he received from the mortgagee the mortgage and took it to an attorney, who thereupon instituted and conducted the action and proceedings of foreclosure and sale. The sale was had at a village remote from the county seat. It was attended by the mortgagor, who was apparently content to have the purchase made by the mortgagee for the amount of her debt, including the costs and expenses of the action and of the execution of the judgment. The intent to defraud is not usually declared openly and directly, and can be established only by evidence of facts, which tend to characterize the motive of the parties charged with such intent. There are here a combination of circumstances which the referee, being as he was upon the evidence permitted to adopt as true, was enabled to conclude were in harmony only with the purpose of Johnson to place the property where it might be held for the benefit of his family and to prevent the collection of the judgment if one should be recovered by Simmons in the then pending action against him.

The defendant, Johnson, had no title to the property at any time after that debt was contracted. And as the plaintiff's judgment never was, and could not become, a lien upon the land the judgment creditor was in no situation to move for a resale of it upon the foreclosure judgment. His remedy was solely by an independent action. And the property which he seeks to reach is what was the interest of his debtor as mortgagee, and assuming that he was a mortgagee in possession, having the rights incident to that relation, he could defend his possession against the title of his mortgagor until the debt secured by his mortgage was satisfied. This right was in some sense an estate in the land. (*Phyfe* v. *Riley*, 15 Wend., 248; *Miner* v. *Beekman*, 50 N. Y., 337; *Hubbell* v. *Sibley*, id., 368, 372.) And whatever rights Johnson had as mortgagee were surrendered by means of the proceeding adopted and taken for the purpose of defrauding his creditor, resulting in the conveyance to his wife, who by it took the benefit of such surrendered interest of her husband, and it was equal in amount to the excess in value of the farm over the consideration of the conveyance to her which she secured by her mortgage to Mrs. Briggs. This claim of Johnson, as mortgagee, treated merely as a lien upon the land, having in the manner before mentioned been swallowed up in the title taken by Mrs. Johnson, she may to the extent of such excess and for the purposes of the plaintiff's remedy, be treated as trustee for the creditor. And in that view we see no reason why the relief given by the referee, and as directed by the judgment, may not be supported, although the debtor may have had no estate in the land or interest affecting it, other than the lien furnished by the mortgage held by him. It is however contended by the learned counsel for the defendants, that as the plaintiff counted upon the alleged fact of title in Johnson, up to the time of his conveyance to Wales, and did not allege or found by his complaint any claim upon his right or interest as mortgagee, the action upon the proofs and findings of the referee cannot be supported. But we think the question was one of variance rather than a failure of proof, inasmuch as the purpose of the action as represented by the allegations of the complaint was to reach a right or interest of the debtor in the property which had, through the forms of the proceedings and conveyance been surrendered to his wife. And the case presented by the evidence

and the facts found by the referee are not entirely remote from the cause of action alleged.

We have examined all the exceptions taken upon the trial, and to the findings of the referee, and think none of them well taken. .

The judgment should be affirmed.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment affirmed with costs, payable out of the proceeds of the sale directed by the judgment.