MAURICE PLETT, APPELLANT, v. FOWLER WILLSON, JR.,
                AND OTHERS, RESPONDENTS.

*Action to foreclose an unsealed contract for the sale of real estate — it is not barred by
the six years' statute of limitations, if the vendee continues in possession claiming
under it.*

When a vendee in an unsealed contract for the sale of real estate, or his successor in
interest, continues in possession of land, claiming under the executory contract,
an action to foreclose the contract is not barred by the lapse of six years between
the date of the last payment (all payments being due), and the date of the com-
mencement of the action. (FOLLETT, J., dissenting.)

The fact that the contract was not sealed does not diminish the legal title which
remains in the vendor, nor render it less efficient as a security.

As the limitation of an action of this character is not specially prescribed in title 1
or 2 of chapter 4 of the Code of Civil Procedure, it can be begun within ten
years after the cause of action has accrued.

APPEAL from a judgment dismissing the complaint with costs,
entered on January 10, 1888, in the office of the clerk of Oneida
county, upon a decision at Special Term, and heard in this court
upon a case which contains all of the evidence.

In 1870, the plaintiffs, Fowler Willson and Fowler Willson, Jr.,
executed a written contract, not under seal, by which the plaintiff
agreed to sell and the Willsons agreed to purchase land at an agreed
price, to be paid for in annual installments, with annual interest, the
last payment falling due April 1, 1880; upon which date the plaintiff,
upon receiving full payment of the purchase-price, was to convey
the land to the vendees by a warrantee deed. The vendees took
immediate possession of the land under the contract, and remained in
possession thereunder until May 31, 1875, when Fowler Willson, Jr.,
assigned his interest in the contract to Fowler Willson (his
father), the two having then paid $1,415.66 towards the purchase-
price and interest. Thereafter, Fowler Willson continued in pos-
session until August 4, 1877, when he died intestate, leaving Sarah
Willson, his widow, and several heirs-at-law. Between May 31,
1875, and August 4, 1877, Fowler Willson paid $150 on the con-
tract. August 5, 1878, said Sarah Willson received letters of admin-
istration upon the estate of said Fowler Willson, deceased. Since
the death of Fowler Willson his widow and heirs have remained in

possession of the land, and were in possession at the time of the trial. Between the date of the death of Fowler Willson (August 4, 1877), and April 3, 1880, said widow and heirs paid (exclusive of $192.50 paid May 6, 1887, by Eamed & Smith under an order of the Special Term granted March 19, 1887), $345. Payments were made annually except in the year 1877 on this contract, from its date until April 3, 1880, when the last one, except said $192.50, was made.

This action was begun January 8, 1887, to foreclose the contract and apply the avails towards the payment of the remainder of the purchase-price, and a judgment for any deficiency that might arise was asked for against Fowler Willson, Jr., and the administratrix of Fowler Willson, Sr., in her representative capacity. The defendants interposed the six years' statute of limitations as their sole defense, which was held good, and the complaint dismissed with costs.

*E. O. Worden,* for the appellant.

*H. S. Willson,* for the respondents.

Present — HARDIN, P. J., FOLLETT and MARTIN, JJ.

PER CURIAM:

Under the contract the vendees became the owners of the land and trustees for the payment of the contract-price; and the vendor became the owner of the purchase-price, retaining the legal title as trustee for the vendees and as security for the payment of the purchase-price. (*Sanders* v. *Aldrich,* 25 Barb, 63; Story's Eq. Juris., § 789; Pom. Eq. Juris., §§ 372, 1161; *Thomson* v. *Smith,* 63 N. Y., 303.)

This interest of the vendor is frequently called the vendor's lien; but it is more, as he holds the legal title, of which he cannot be divested by the vendee until the purchase-price is paid, unless the land is held adversely for twenty years. (Pom. Eq. Juris., § 1261; *Freeson* v. *Bissell,* 63 N. Y., 170.)

The right to foreclose a mortgage upon real estate, given to secure the payment of a promissory note, is not barred because an action on the note is barred. (*Heyer* v. *Pruyn,* 7 Paige, 465; *Pratt* v. *Huggins,* 29 Barb., 277; *Gillette* v. *Smith,* 18 Hun, 10; *Thayer* v.

*Mann,* 19 Pick., 535; *Belknap* v. *Gleason,* 11 Conn., 160; 14 Alb. Law Jour., 209; Jones on Mort., §§ 1203, 1204, 1205.) In the case of a mortgage, a lien is created to secure a debt; but in the case of an executory sale, the entire legal title is reserved until the purchase-price is paid. There seems to be no reason why the same statute of limitations should not apply to both cases.

When the vendee, or his successor in interest, continues in possession, claiming under an executory contract, an action to foreclose the contract is not barred by the lapse of six years between the date of the last payment (all payments being due), and the date of the commencement of the action. (*Lewis* v. *Hawkins,* 23 Wall., 119; *Hardin* v. *Boyd,* 113 U. S., 756; *Hopkins* v. *Cockerell,* 2 Gratt. [Va.], 88; Wood on Lim., § 232, and cases there cited.) The fact that this contract was not sealed does not diminish the legal title, which remained in the under; nor render it less efficient as a security.

It is to be observed that there is no evidence that either of the parties to the contract have formed, much less expressed, an intent to rescind the contract, on the contrary, the defendants are now in possession, claiming under no right except that conferred by the contract. This is an action, the limitation of which is not specially prescribed in title 1 or 2 of chapter 4 of the Code of Civil Procedure, and it could be begun within ten years after the cause of action had accrued. (Code Civil Pro., § 388.) There are many authorities to the effect that the relations between a vendor and a vendee, in possession under an executory contract, creates an express trust, which continues until the contract is mutually performed or is rescinded by the one or the other, and that the statute never begins to run so long as the relations exist, but it is not necessary to go so far in this case, for, assuming that the plaintiff's cause of action accrued (within the meaning of the sections of the Code which limit the time within which actions must be begun) April 3, 1880, the date of the last payment, and the statute then began to run, ten years had not elapsed.

*Borst* v. *Corey* (15 N. Y., 505) is not in point. In that case the land had been conveyed, and the grantor had what is known as the vendor's equitable lien for the unpaid purchase-money not otherwise secured. This lien never becomes a legal one until declared by a court, and when an action for the recovery of the purchase-

price is barred, there is nothing for a court of equity to lay hold of. There is no remaining title in the vendor as in the case at bar. Our attention is called to the cases in which it is held that where there are concurrent and perfect remedies at law and in equity, a suit in equity is barred in the same time that an action at law is barred. The vendor had three remedies : (1.) Ejectment, a legal action for the recovery of the land. (2.) To foreclose the contract. (3.) To recover the debt. It cannot, we think be successfully claimed that an action of ejectment would be barred within less than twenty years.

The views which we have taken of this case render it unnecessary to consider the relevancy of the cases, in which it is held that actions for the specific performance of executory contracts for the sale of lands may, at least, be maintained by either party within ten years after the last payment.

The judgment is reversed and a new trial is ordered, with costs to abide the event.

FOLLETT, J. (dissenting) :

The vendor had three remedies : (1.) Ejectment, a legal action for the recovery of the land. (2.) To foreclose the contract. (3.) To recover the debt. The first in disaffirmance and the last two in affirmance of the contract.

It was twice held by the Court of Appeals (*Miner* v. *Beekman*, 50 N. Y., 337; *Hubbell v. Sibley*, 50 id., 468) that only legal actions for the recovery of land were within section 78 of the old Code, the twenty years section, which is, in legal effect, identical with section 365 of the present Code, and this action is not within the twenty years section of the present Code. The result sought to be reached is the enforcement of an obligation or liability to pay the agreed price for the land arising out of an unsealed express contract, and the time within which such an action must be begun is prescribed by sections 380 and 382 of the Code of Civil Procedure. The cause of action accrued in April, 1880, and the action was begun in January, 1887, and it is barred by the lapse of six years. The plaintiff must be left to an action of ejectment.

The judgment should be affirmed, with costs.

Judgment reversed and a new trial ordered, with costs to abide the event.