EBENEZER J. PURDY, Appellant, *v.* JOHN A. COLLYER and ELIZA-BETH JANE PURDY, Respondents.

*Oral agreement by a vendee, in consideration of a deed of land, to discharge mortgages on other land of the vendor — Statute of Frauds — when an action is for specific performance and not to remove a cloud on title — Statute of Limitations — the plaintiff in an action to determine claims to real estate must show possession.*

An oral agreement, made by the vendee of premises, that as part of the purchase price she will pay off and discharge mortgages upon other property owned by the vendor, is not void under the Statute of Frauds.

An action by the vendor to compel the vendee, who, instead of satisfying the mortgages, has taken assignments of them to herself, to satisfy the mortgages or to reconvey to the vendor the premises conveyed to her by him, is not an action to remove a cloud upon title, against which the Statute of Limitations never runs, but is an action for the specific performance of the agreement, and, as such, is governed by the ten years' Statute of Limitations.

Where the complaint in such an action expressly alleges that the fee of the premises upon which the mortgages were a lien has been acquired by the city of New York, the action cannot be sustained as one for the determination of conflicting claims to real property, as the plaintiff does not show possession in himself as required by sections 1638 and 1639 of the Code of Civil Procedure.

APPEAL by the plaintiff, Ebenezer J. Purdy, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 3d day of July, 1897, upon the decision of the court rendered after a trial at the Westchester County Special Term dismissing his complaint upon the merits.

The complaint in this action alleged that the plaintiff conveyed certain premises to the defendant Purdy through the defendant Collyer, upon her agreement that, as part of the purchase price she would pay off and discharge two mortgages upon certain other prop-

erty owned by the plaintiff; that the defendant Purdy had, in viola-
tion of the agreement, taken assignments of the two mortgages to
herself, and had refused to discharge them; that the property upon
which the mortgages were a lien had been taken by the city of New
York in condemnation proceedings, and that the defendant Purdy
had filed a claim against the award for the amount of the mortgages.
The complaint demanded judgment that the defendant Elizabeth
Jane Purdy be directed to deliver to the plaintiff the mortgages to
be canceled, or that she be compelled to reconvey to the plaintiff the
premises conveyed to her, and that during the pendency of the action
she be restrained from transferring the said mortgages or the said
premises, and ended with a general prayer for relief.

The defenses interposed were, among other things, that the alleged
agreement was not in writing as required by the Statute of Frauds,
and that the action was barred by the ten-year Statute of Limitations.

*A. J. Adams*, for the appellant.

*Isaac N. Mills*, for the respondents.

HATCH, J.:

We think the court below was clearly right in its holding that the
Statute of Frauds did not constitute a defense to the maintenance of
the action. The appellant insists, however, that the court was wrong
in ruling that the ten-year Statute of Limitations was a bar to the
action. His contention in this regard is based upon the claim that
the mortgages constitute a cloud upon his title to the land, and that
the Statute of Limitations never runs against an action to remove a
cloud upon the title. The appellant is undoubtedly right in his
statement that the Statute of Limitations does not run against such
an action. (*Miner* v. *Beekman*, 50 N. Y. 337; *De Forest* v. *Wal-
ters*, 153 id. 229.) But this rule of law is not available to the
appellant in this action for the reason that his complaint is not
framed upon any such theory. The averments of the complaint
constitute the action one for the specific performance of the con-
tract entered into by and between the parties. The most liberal
construction cannot construe it into anything else. Such action is
barred by the statute. (*Peters* v. *Delaplaine*, 49 N. Y. 362; *Plet*
v. *Willson*, 134 id. 139; *Kelly* v. *Potter*, 16 N. Y. Supp. 446.)

Aside from this, there is another and complete answer to this claim. The specific averment of the complaint is that the mayor, aldermen and commonalty of the city of New York have acquired the fee of the property upon which the mortgages are a lien. In actions for the determination of conflicting claims to real property the plaintiff must show possession in himself in order to maintain the action. (Code Civ. Proc. §§ 1638, 1639; Pom. Eq. Juris. § 1396 *et seq.*) Here, by express averment, the plaintiff shows that he has no interest in or title to the property. It may be that the plaintiff has standing to contest the right to the fund created by the appropriation of the land by the city, but we can find no ground upon which he is entitled to relief in this action.

The judgment should, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.