Pfeltz, *et al.*, *vs.* Pfeltz, *et al.*

(Decided July 29th, 1859.)

---

Julius P. Pfeltz and others *vs.* Sarah Pfeltz and others.

A testator being seized of a legal estate in fee in certain land, devised the same to his widow, during her widowhood or until their youngest child attained the age of twenty-one years, for the support of herself and their children, with remainder to the children, in fee, subject to the dower of

the widow. Upon a bill filed by the widow and the children, charging against the defendant an *unlawful* and *violent* entry upon the land, taking the products thereof, and depriving the complainants of their means of support and maintenance, and praying that he may be compelled to surrender the land to them, and for an injunction and a receiver of the rents and profits, *pendente lite*, HELD:

1st. That the facts charged in the bill do not show that the defendant was committing irreparable damage to the property, to prevent which an injunction was necessary.

2nd. That the case presented by the bill is proper for redress at law, where the remedy is ample and complete, either by action of trespass, ejectment, or under the statutes for a forcible entry, and in such case a court of equity cannot rightfully interfere.

APPEAL from the Circuit Court for Baltimore City.

This appeal is from an order granting an injunction and appointing a receiver upon a bill filed on the 23rd of October 1857, by the appellees against the appellants.

The bill alleges that George C. Pfeltz, in his lifetime, purchased from J. J. Speed, trustee, under a decree in chancery, a tract of land in Baltimore county, containing one hundred and twenty-one acres, more or less, described in a deed therefor from said Speed, as trustee, to said George, in fee-simple, dated the 26th of June 1847, which was duly recorded, and is filed as an exhibit with the bill; that after his purchase the said George entered into possession of the land, claiming title thereto under this purchase and deed, and continued in the peaceable possession thereof until April 1855, when he died, leaving the complainant, Sarah, his widow, and the other complainants, his children, all of whom are infants under the age of twenty-one years, and, also, leaving a will, which is filed as an exhibit with the bill, by which he devised this land to the complainant, Sarah, during her widowhood, or until his youngest child should arrive at full age, she to receive the rents, issues, and profits thereof, and apply the same to the support, education and maintenance of herself and the testator's children, and should she marry, or when his youngest child shall attain the full age of twenty-one years, whichever shall first happen, then she is to sell the same and divide the proceeds, after payment of her dower interest therein, among

48 v. 14.

his children, share and share alike; that, after the death of the said George, the complainants, claiming under this will, went into the peaceable and quiet possession of this land, and continued to receive the rents and profits thereof, and to apply the same to the purposes of the will, until on or about the month of May last, when the defendant, Julius P. Pfeltz, unlawfully, violently, and contrary to equity and good conscience, entered upon and into the possession of said premises, and has since continued to hold the same unlawfully and against equity and good conscience, to the great and manifest wrong and injury of the complainants, withholding from them any use or benefit of said premises, whereby they are, in great measure, deprived of their proper legal and equitable support and maintenance of and from the rents and profits of said land, he, the said Julius P. Pfeltz, not denying some right and title of the said George, but sometimes pretending and giving out in speeches that the right and title of said George was only equitable and not legal, and feigning and pretending some alleged forfeiture thereof, and pretending that his children, the other defendants, are entitled to said land, because of such alleged forfeiture, and that the legal estate is outstanding, in a certain Job Smith, in trust for their use under some pretended deed, and, at other times, pretending some other excuse for his said violent, unlawful and inequitable conduct in the premises, all of which pretences and excuses the complainants aver are false and without foundation in law or equity. The bill also charges that the said Julius P. Pfeltz is utterly insolvent, and then prays that he may be compelled, by decree, to surrender and yield up said land to the complainants, as in their former estate, and to account with them for the rents and profits thereof whilst so held by him, and pay over the same to the complainants for their own use and benefit, according to the terms of said will, and that the title of the complainants may be declared and quieted, and that, *pendente lite*, a receiver may be appointed of said rents and profits, and that said Julius P. Pfeltz may be enjoined and compelled to surrender up the premises to the receiver, when appointed, and for general relief.

On the same day that the bill was filed, the court (KREBS, J.) passed an order appointing a receiver, and granting an injunction as prayed, from which, after answer filed, the defendants appealed.

The cause was argued before ECCLESTON, TUCK and BARTOL, J.

*Chas. F. Mayer* and *Coleman Yellott* for the appellants.

1st. The bill asserts a legal fee-simple title in the appellees, and an *unlawful* and *violent* entry by the appellant, Julius P. Pfeltz. It does not charge that he is doing irreparable waste. Under such a state of facts the appellees can have full and adequate relief without resorting to a court of equity, 1st, by proceedings under the statues for *forcible entry* and *detainer*. 1 *H. & McH.*, 428, *Proprietary vs. Brown*. 9 *G. & J.*, 107, *Isaac vs. Clarke*. 2 *Harr. Ent.* 59, 66. *Statutes 5 Richard II., ch.* 8. 15 *Richard II., ch.* 2. 8 *Henry VI., ch.* 9, and *Acts of* 1816, *ch.* 187, and 1832, *ch.* 121; 2nd, by action of ejectment; 3rd, by action of *trespass quare clausum fregit*.

2nd. The appellees, having adequate remedy at law, could not ask relief in a court of equity. *Story's Eq. Pl., secs.* 473, 490. 1 *H. & G.*, 220, *Drury vs. Conner*. 6 *Gill*, 391, *Methodist Prot. Ep. Church vs. Mayor & C. C. of Balto.* 2 *Md. Rep.*, 320, *Brumbaugh vs. Schnebly*. 4 *Md. Rep.*, 26, *Clayton vs. Carey*. 7 *G. & J.*, 191, *Berrett vs. Oliver*.

3d. This proceeding is virtually an ejectment bill, which is not allowed by courts of equity. *Story's Eq. Pl., sec.* 476.

4th. The case made by the bill did not authorise the appointment of a receiver, or the issuing of an injunction. 3 *Md. Ch. Dec.*, 456, *Herr vs. Bierbower*. *Ibid.*, 503, *Carlisle vs. Stevenson*. 3 *Md. Rep.*, 480, *Ches. & Ohio Canal Co. vs. Young*. In the case last cited, at page 490, this court denies the doctrine that, *because* a party asserts only an *equitable title*, and cannot succeed at law, a court of equity gains jurisdiction and may exercise it in the manner here claimed. It might be shown from the will of George C. Pfeltz, the exhibited source of the appellees' title, that a *legal title* is in the

widow for protecting all rights of herself and her infant children, but that ascertainment is not at all necessary. A bill in equity cannot be made to serve for an ejectment or for a writ of forcible entry, or for an action of trespass. *Story's Eq. Pl.*, sec. 476. The cases cited under the appellees' second point are far from establishing the doctrine indispensable for their bill, that because an *infant* asserts the right to land, and is excluded by another from possession, the person in possession must be deemed guardian, and may be called by bill in equity, not only to a trial of title, but actually through the interposed appointment of a receiver to surrender the possession, and at once. Even where a party has been made amenable in equity to an infant for *mesne profits* as *quasi* guardian, and by reason of entry without title superior to the infant's, a previous determination under ejectment, of title against the pernor of the rents and profits, is necessary. 1 *H. & G.*, 220, *Drury vs. Conner.* Such an expansion of chancery power, in using a bill in equity, not for even trying title, but only for challenging title, and through an injunction deciding it *instanter* for the complainant, and then, through a receiver and his engrossing power over the product of the land, divesting possession, is grossly and oppressively mischievous. Such is the present adventure in equity.

*T. Parkin Scott*, for the appellees, argued:

1st. That the infant children of George C. Pfeltz, deceased, have an interest in the property under the will of their father, who had title to, and died in possession of the land, which was transmitted to them. 8 *Md. Rep.*, 517, *Binnerman vs. Weaver.*

2nd. That the appellant, Julius P. Pfeltz, having taken possession of their estate, is accountable in equity, whether their estate be legal or only equitable. 1 *Gill*, 370, *Chaney vs. Smallwood.* 8 *Gill*, 397, *Barnes vs. Compton.* 2 *Md. Ch. Dec.*, 117, *Swan vs. Dent.* 7 *Gill*, 366, *Richards & Wife vs. Swan, et al.*

3rd. That this is a proper case for an injunction and receiver, and especially as the appellant, Julius P. Pfeltz, is in-

solvent. 1 *Md. Ch. Dec.*, 70, *Clark vs. Ridgely*. 4 *Gill*, 34, *Hamilton vs. Ely*. 1 *Md. Rep.*, 543, *White vs. Flannigain*.

BARTOL, J., delivered the opinion of this court.

None of the authorities cited by the appellees are sufficient to establish the jurisdiction of a court of equity, over the case presented by the bill of complaint. The title of the complainants' testator, George C. Pfeltz, is alleged to have been a legal estate in fee, which, by his will, was devised to his widow, the complainant Sarah, during her widowhood, or until their youngest child shall attain the age of twenty-one years, for the support of herself and their children, the other complainants, with remainder to the children in fee, subject to the dower of the widow. The acts of the appellant, Julius P. Pfeltz, complained of in the bill, are an unlawful and violent entry upon the land, taking the products thereof, and depriving the complainants of their means of support and maintenance; and the relief prayed is, that "said Julius P. Pfeltz may, by decree of this court, be compelled to surrender and yield up said land to the complainants, and account with them for the rents and profits, and pay over the same to the complainants; that the title of the complainants may be declared and quieted; and that, *pendente lite*, a receiver may be appointed of the rents and profits, and that Julius P. Pfeltz may be enjoined and compelled to surrender up the premises to the receiver, when appointed.

The facts charged in the bill do not show that the appellant was committing irreparable damage to the property, to prevent which an injunction was necessary. *Hamilton vs. Ely*, 4 *Gill*, 34. *The Chesapeake & Ohio Canal Co., vs. Young*, 3 *Md. Rep.*, 480. *Davis vs. Reed*, 14 *Md. Rep.*, 152.

The object of the proceeding is to obtain possession of the land, and the case presented is proper for redress at law, where the remedy is ample and complete, either by action of trespass, ejectment, or by a summary proceeding under the statutes for a forcible entry. In such case a court of equity cannot rightfully interfere. *Story's Eq. Pl.*, secs. 473, 476, 490. *Drury vs. Conner*, 1 *H. & G.*, 221. 2 *Md. Rep.*, 320, (and *note* 325,) 4 *Md. Rep.*, 26.

The case is not within the principle decided in *Drury vs. Conner*, 1 *Har. & Gill*, 220, and *Chaney vs. Smallwood*, 1 *Gill*, 367, or *Barnes & Fergusson, vs. Compton's Adm'rs*, 8 *Gill*, 397. Here the legal estate, as it appears from the bill, (and on this appeal our attention must be confined to what is therein stated,) is vested in the complainant Sarah, who is *sui juris*, and may assert, on behalf of herself, and her children the *cestuis que trust*, the *legal* remedies against the appellant.

The order of the Circuit court granting injunction and appointing a receiver will be reversed.

> *Order reversed without costs, and cause remanded.*

(Decided July 29th, 1859.)