ENDEL & SON, APPELANTS, VS. JOSIAH T. WALLS, APPELLEE.

1. Where parties holding a deed executed for the purpose of securing them for money due and advances to be made, and they on delivery of the deed gave to the grantor an agreement to convey to the grantor, on payment of a sum named, the interest of the grantees is a mortgage interest; and if they have taken possession of the premises against the consent of the grantor, and without foreclosure, his proper remedy against them is at law, and not in equity, to recover the possession.

2. The fact that complainant's property was taken possession of by a mortgagee without foreclosure, while complainant was in custody of a committee as an adjudged lunatic, does not give him, after the restoration of his reason, a right to recover possession of his land by bill in chancery.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion of the court.

*J. H. Goss* for Appellants.

*E. C. F. Sanchez* and *B. H. Thrasher* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for Alachua county allowing an injunction.

The bill was filed by Walls against M. Endel and his son, and alleges that in July, 1876, Endel & Son offered to furnish supplies to Walls for his plantation to the amount of twelve hundred and fifty dollars, provided Walls would secure the amount by giving them a deed of his house and lot in Gainesville, and that they would give him a writing binding them to reconvey on his paying them the amount, and being in need of credit he accepted the proposition, and he and his wife executed and delivered to the Endels a deed of conveyance of his said house and lot, and the Endels executed and delivered to Walls a writing under seal, whereby they covenanted and agreed that upon the payment by the said Walls by the first day of December, 1877, of twelve hundred dollars, the said Endel & Son would sell and convey to Walls the same property by good and valid deed, but if Walls should fail or refuse to pay said twelve hundred dollars at the time stated, then said agreement to be of no effect. These papers were duly proved for record and recorded on the same day.

Walls obtained goods and advances from the Endels under the arrangement.

In January, 1878, Walls was declared a lunatic by the Circuit Judge, and was confined in the lunatic asylum for about a month, when on his recovery he returned and found that the house and lot which he had left in the possession of

his family had been wrongfully taken possession of by the Endels, by operating upon the fears and timidity of Mrs. Walls and threatening her in various ways, without authority or process of law, and without having foreclosed his mortgaged lien, and without the consent of his trustee, who had been appointed during his lunacy, and said Endels had rented said property to a tenant who was in possession and withhold the same from the complainant.

The bill further charges that Endell & Son have not paid and advanced him the sum of twelve hundred and fifty dollars, but only a part of that sum over and above his account against them for cotton and other crops, &c.; and further charges that the Endels have a mortgage interest in the property, and had no right to the possession by virtue thereof.

The bill thereupon prays an injunction to be issued, enjoining and restraining the said Endel & Son from selling or disposing of said property, or encumbering it in any way, and further prays a "writ of restitution by which the said Endels will be displaced of their ill-gotten possession of said property, and your orator placed back in possession thereof, just as he was before the Endels ruthlessly invaded his rights, and that they be compelled to disgorge the rents collected, if any," and "for such other and further relief as is usual and customary in equity in matters of this kind," and finally "that by some proper process from the hands of this honorable court the Endels be put out of said premises and all who hold under them, that your orator may be re-instated in his rights as to said property."

Upon reading the bill and exhibits the judge granted an injunction that "M. Endel & Son, their agents and attorneys, be enjoined and restrained by this order from claiming and exercising any right of possession in the premises above described, or renting or collecting rents therefrom, until the further order of this court," March 8, 1878. From this and

from an order subsequently made, refusing to dissolve the injunction, defendants appealed.

The complainant has mistaken his remedy in this case. The charge that the defendants forcibly, or by improper means and influences operating upon the timidity of his wife, obtained an unlawful possession of his property, upon which they hold a mortgage, does not show that he has grounds of equitable relief; but on the contrary that he has a plain and adequate remedy at law, either under the forcible entry and detainer act, or by his action of ejectment.

According to the allegations of the bill, the defendants have a mortgage upon the property in question for twelve hundred dollars or less, and they have taken unlawful possession, and are unlawfully withholding the same from the complainant.

The material prayer of the bill is, that the defendants be put out of possession and that the property be restored to the complainant, and for proper process to that end; in other words, the judgment prayed is a judgment in ejectment, and it is not charged that irreparable damage or mischief will ensue if the party is not enjoined. Burns vs. Sanderson and Burns, 13 Fla., 381; Freeman vs. Timanus, 12 Fla., 393.

Appellee insists that an injunction may be granted where defendants possession is but an interruption of the prior lawful possession of the complainant. The authorities cited do not sustain this naked proposition.

The case of Conway, *ex parte*, 4 Ark., 302, was that of a trustee protecting the trust property, the assets of a corporation, and forms an exception to the general rule. That case is cited in High on Injunctions, which gives several authorities referring to the recovery and protection of trust property and the like, but they are followed by this language, section 262: "Wherever, therefore, sufficient redress can be had in the courts of law, parties will be left to pur-

sue their remedy in a legal, rather than an equitable, tribunal." (Schlecht's Appeal, Pa. St., 172; Pfettz vs. Pfettz, 14 Md., 376.) The latter case held that the case presented by the bill was proper for redress at law, where the remedy is ample and complete, either by action of trespass, ejectment, or under the statutes for a forcible entry, and in such a case a court of equity cannot rightfully interfere. In that case, like the case made by this bill, the defendants had wrongfully entered, and an injunction and receiver of rents and profits *pendente lite* were refused. But it is not necessary to fortify a principle so well established.

The incident that at the time the defendants took possession of this property the complainant was temporarily a lunatic, and that a committee or guardian might have the aid of the court in protecting the property, has no effect here. It may be, as has been held in New York and elsewhere, that the court appointing the committee would punish, as for a contempt, any one intermeddling with property under the custody of its officer, for it appears in this case that the complainant, in the full possession of his faculties, is seeking to enforce legal rights against a trespasser or interloper. We have been referred to no case where, the wrong having been committed during a period of lunacy to the property of the owner, gives the restored party a standing that he would not have had if his misfortune had not occurred. He is asserting his right of redress before the wrong tribunal.

The orders appealed from are reversed, and the bill should be dismissed.