Fred M. Shelley et al., as Executors of John J. Faulkner, Deceased, Respondents, *v.* Francis A. Cody et al., Appellants, Impleaded with Others.

1. Real Property — Interest. In an action to redeem real property and to have deeds and other conveyances under which defendant claimed title declared mortgages and for an accounting with respect to the use and occupation of the lands, the fact that the defendant went into possession wrongfully and as a mere trespasser, does not authorize the court to direct the computation of interest upon the yearly value of the use and

occupation, upon the principle of annual rests, thus allowing compound interest.

2. TRESPASSER NOT ENTITLED TO CREDIT FOR IMPROVEMENTS. The defendant being in possession as a trespasser, having wrongfully ousted and expelled the true owner, the court, in its discretion, has the power to deny him credit for any improvements he may have made upon the property.

*Faulkner* v. *Cody*, 108 App. Div. 360, modified.

(Argued December 20, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 6, 1905, affirming a judgment in favor of plaintiffs entered upon the decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Smith M. Lindsley* and *William S. Mackie* for appellants. It was inequitable for the court to exact from Cody a full and even large rental value for his occupation of the premises and at the same time refuse him any compensation whatever for the betterments and permanent improvements to the extent of upwards of two thousand dollars which he put upon the property. ( *Williams* v. *Fitzhugh*, 37 N. Y. 452 ; *Rogers* v. *Rathbun*, 1 Johns. Ch. 367 ; *Tupper* v. *Powell*, 1 Johns. Ch. 439 ; *Fanning* v. *Dunham*, 5 Johns. Ch. 122 ; *Fulton Bank* v. *Beach*, 1 Paige, 429 ; *Morgan* v. *Schermerhorn*, 1 Paige, 544.) Upon the findings of fact, the trial court erred in charging the defendant Cody with interest on the yearly rental value of the premises, computed with annual rests. (*State of Connecticut* v. *Jackson*, 1 Johns. Ch. 13 ; *Garniss* v. *Gardner*, 1 Edw. Ch. 128; *Bennett* v. *Cook*, 2 Hun, 526 ; *Bell* v. *Mayor, etc.*, 10 Paige, 74.)

*M. H. Powers* and *George H. Weaver* for respondents. It was competent and a proper exercise of the equity powers of the court to charge Mr. Cody a yearly rental with interest

computed thereon at annual rests. (20 Am. & Eng. Ency. of Law [2d ed.], 1012; *French* v. *Kennedy*, 7 Barb. 452; *Jencks* v. *Alexander*, 11 Paige, 619; *Bennett* v. *Cook*, 5 T. & C. 134; *Lewis* v. *Duane*, 141 N. Y. 307.) Forcible entry and detainer is a bar to recovery for improvements. (*Scott* v. *Gurnsey*, 48 N. Y. 106; *Cosgriff* v. *Foss*, 152 N. Y. 104; *Clapp* v. *Nichols*, 31 App. Div. 531; *M. A. B. Church* v. *O. S. B. Church*, 73 N. Y. 82; *Howell* v. *Leavitt*, 95 N. Y. 617; *Mahony* v. *Bostwick*, 96 Cal. 53; 16 Am. & Eng. Ency. of Law [2d ed.], 119–121; *Compton* v. *Chelsea*, 139 N. Y. 541; *Pharis* v. *Geary*, 110 N. Y. 336.)

O'BRIEN, J. John J. Faulkner, the original plaintiff, brought this action against the defendant Francis A. Cody to procure the redemption of certain real property and to have the deeds and other conveyances, under which he claimed title and possession, declared to be mortgages merely, and also for an accounting with respect to rents and profits, or the use and occupation of the lands, while the defendant was in possession, as is alleged, wrongfully and forcibly. The unanimous affirmance in the court below has left but few questions for this court to consider, since the findings of the trial judge were very full and complete on the facts.

Two pieces of the real estate which the defendant occupied under claim of title, and which the plaintiff sought to recover, came to him through a deed and a mortgage from one Ransom. The consideration named in the deed was $2,000, and the mortgage was for $400. The claim of the plaintiff, fully sustained by the findings, is that Ransom held the property in such a way that he could redeem it at any time, and that the defendant knew at the time he took the deed and the the assignment of the mortgage from Ransom that the plaintiff was the owner of the fee, and that he took it with the understanding that the plaintiff was to retain possession, and on paying certain amounts clear the title to all the property; that notwithstanding this agreement the defendant took forcible possession, with strong hand and multitude of people,

and expelled the plaintiff from the premises. The transfer from Ransom to the defendant took place on the 23d of February, 1897. The defendant subsequently foreclosed the mortgage by advertisement and the premises covered by it, about eight acres, were sold to, or bid in by, the defendant for $50. It was found by the trial court that this foreclosure was regular and the plaintiff was denied any relief with respect to the eight acres. The trial court directed an interlocutory judgment in favor of the plaintiff, in which substantially all the facts stated in the complaint were found in the plaintiff's favor.

There are three questions of law, arising upon the facts found as a basis for the interlocutory and final judgments, which the learned counsel for the defendant has presented and which we will consider.

It was found that the yearly value of the use and occupation of the premises was $350, and directions were given that the accounting should be had upon that basis, charging the defendant with such use and occupation and crediting him with the amounts due on the securities he held. The referee was ordered to make a computation upon the principle of annual rests, which gave to the plaintiff the benefit of compound interest, although the total amount charged against the defendant in that respect is not very large, amounting, it is said, to less than $100. The only basis for that rule was the fact found that the defendant went into possession of the premises wrongfully and as a mere trespasser; that we do not think authorized the direction in regard to the manner of stating the account and was a legal error for which the judgment should be corrected. A court of equity in adjusting the rights of the parties in such a case has some discretion which it may exercise in a proper case, as will appear from the following decisions. (*Thompson* v. *Hudson* L. R. [10 Eq. Cases] *497; *Davis* v. *May,* 19 Ves. Ch. 383; *Gordon* v. *Lewis,* 2 Sumner, 143; *Gibson* v. *Crehore,* 5 Pick. 146; *Bennett* v. *Cook,* 5 Sup. Ct. R. [T. & C.] 134; *Scheffelin* v. *Stewart,* 1 Johns. Ch. R. *620, 625; *Duffy* v. *Duncan,* 35 N. Y. 187; *In re Kernochan,* 104 N. Y. 618.) But the

facts found in this case do not take it out of the general rule for computing interest.

The $350 found by the court as the value of the use and occupation to be charged against the defendant, should first be applied to the extinguishment of the accrued interest on the sums for the payment of which the defendant held the securities. The defendant was entitled as a matter of right to have this interest paid according to the terms of the instrument under which he held the possession and the method adopted for making the computation deprived him, to some extent, of that right. So that the principle of annual rests was, we think, improperly applied to the case. The fact that the defendant went into possession in the manner found by the court, while it justified the ruling that no compensation was to be made to him on account of his improvements, yet it did not, as it seems to us, justify the court in directing the computation to be made in such a way as to allow the plaintiff compound interest. The authorities on this question are rather obscure, but we are unable to find any clear authority for the direction of the court in this case.

After the defendant went into possession he made permanent improvements on the property. He built a barn that cost $2,000, and made other improvements of a permanent and substantial character; but the trial court refused to allow him anything for these improvements. Its decision in that respect is based upon the ground that he was in possession as a trespasser, having wrongfully ousted and expelled the true owner. We think the court, in its discretion, had the power to deny to the defendant any credit for improvements made under such circumstances. It may be that it was a harsh rule to apply, but it was a discretion which a court of equity might exercise and this feature of the case does not, we think, present an error of law for which we should interfere with the judgment. ( *Wood* v. *Wood*, 83 N. Y. 575; *Woodhull* v. *Rosenthal*, 61 N. Y. 396, 397; Sedgwick on Damages [8th ed.] § 903; *Jackson* v. *Loomis*, 4 Cow. 168.)

We think there was error committed also by the learned

court below in the disposition which it made of the $400 mortgage. This mortgage covered about eight acres of land and much of the land in question, it would appear, was of little value. The mortgage was made by the plaintiff and was accompanied by a bond and when it was assigned by Ransom to the defendant there was a covenant from the assignor that there was due thereon $400 of principal and interest from March 13, 1893. The defendant took over the two securities, the deed and the mortgage, from Ransom and it is found that there was due $1,600 on account of the Ransom indebtedness; but, as was stated in the memorandum at Special Term, it is not clear what portion of the $1,600 was represented by the mortgage. The defendant foreclosed the mortgage by advertisement and bid in the land for $50. This foreclosure, which the court held to be regular, did not cancel the bond, or pay the debt which the mortgage was given to secure. But in the statement of the account the defendant was charged with the full face of the mortgage and interest, instead of with the amount which the property brought at foreclosure sale. We think this was error and that he should have been allowed on the accounting the amount of the Ransom indebtedness, namely, $1,600 less $50, which was realized from the mortgage. The sale of the mortgaged premises was made under the provisions of the statute and it was a public sale. There is no finding that the defendant's bid did not fairly represent the value of the land.

The judgment should, therefore, be modified by crediting the defendant with $1,600, the amount of the Ransom indebtedness, and charging him, not with $400, the face of the mortgage and interest as was done, but with $50, the amount which was realized on the foreclosure, and interest, and by recasting the interest in the usual way without making annual rests. As thus modified the judgment should be affirmed, without costs in this court to either party.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur. HISCOCK, J., not sitting.

Judgment accordingly.