LORENZ REICH, Appellant, *v.* ALEXANDER S. COCHRAN et al., Individually and as Executors of and Trustees under the Will of WILLIAM F. COCHRAN, Deceased, Respondents, Impleaded with Others.

Mortgage — mortgagee wrongfully in possession of mortgaged premises — equitable mortgage — evidence required to show that instruments conveying property, with covenant to re-assign, constitute a mortgage — when mortgagor may treat wrongful possession as lawful, have mortgage declared paid and have accounting for moneys received by mortgagee.

1. A mortgagor may, if he choose, treat a mortgagee who has taken possession wrongfully as a mortgagee in possession, and since the mortgagor can always come into a court of equity independently of who has possession and obtain a decree removing the lien of the mortgage, an action to redeem will lie against such a mortgagee.

2. Where, as in this case, an assignment of property and a collateral agreement to re-assign on stated terms do not on their face constitute a mortgage, it is necessary to show by parol that the assignment was given as security for the payment of a debt, which may be done in equity.

3. Defendant's decedent held an assignment of the plaintiff's leasehold interest in certain real property and a bill of sale of certain chattels, absolute in form but intended as security for the payment of a debt. He wrongfully took possession of the premises and chattels and he and his executors, the defendants, received and retained more than sufficient rents and income to pay the mortgage debt. Upon the termination of the lease the defendants received for improvements made by the plaintiff the sum stipulated to be paid at their option by the lessors in lieu of giving a renewal. *Held*, that the mortgagor may in such case waive the trespass, elect to treat the possession of the mortgagee as lawful, and in one action get all the relief to which he is entitled; that the facts pleaded show three distinct grounds for equitable relief: 1. To have the assignment absolute in terms adjudged to be a mortgage. 2. To have the lien of the mortgage discharged on the ground that the debt has been paid. 3. To compel the defendants to account for the money received on the surrender of the lease.

*Reich* v. *Cochran*, 162 App. Div. 619, reversed.

(Argued September 29, 1914; decided January 12, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1914, which reversed an interlocutory judgment of Special Term overruling a demurrer to the amended complaint and sustained such demurrer.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The action, as denominated by the counsel for either party, is to redeem from a mortgage with an accounting of rents and profits received. The facts alleged in the complaint, material to the question presented, are: In 1886 the trustees under the will of William B. Astor leased to the plaintiff, upon stipulated terms, land and buildings in the city of New York for the potential period from the date of the lease to May 1, 1906. The lease provided that at the termination of such period the trustees would at their option either pay the plaintiff the value, not exceeding the sum of $100,000, of the additions and improvements of a specified character then existing on the demised premises or grant him a new lease of the premises for the succeeding twenty years at a named rental. In February, 1888, four instruments in writing were executed and delivered between the plaintiff and William F. Cochran, which the former claims, in legal effect constituted a mortgage to Cochran of the demised premises and all the furniture, fixtures and personal property thereon to secure the payment, at the times and in the manner specified, of two hundred and seventy-five thousand dollars theretofore loaned by Cochran to the plaintiff, under which possession of the property was to be retained by the plaintiff. On or about March 17, 1893, Cochran, without the consent of the plaintiff and against his protest, entered upon and took exclusive possession of the whole of the demised premises, together with the furniture, fixtures and personal property upon them, and

27

held it and the rents and income therefrom until his death, December 27, 1901, and thereafter the defendants held it and the rents and income therefrom until May 1, 1906, the expiration of the leasehold period, when they surrendered it to the trustees of the Astor estate and received the $100,000 in lieu of the renewal of the lease for the further term of twenty years. The plaintiff paid to Cochran before he took possession of the premises eighty odd thousand dollars of the indebtedness secured by the mortgage by reason whereof, and of the rents and income collected and retained by Cochran and the defendants, the plaintiff's actual indebtedness to Cochran and the interest thereon were fully paid many years before May 1, 1906, and Cochran and the defendants collected and retained additional rents amounting in the aggregate to over one million dollars, for which the defendants refused to account to the plaintiff. The judgment demanded is that the four instruments in writing constituted a mortgage by operation of law; that an account be taken of the amount due from the plaintiff to Cochran at the time of the execution of the mortgage, of the amount paid by the plaintiff on account of it from its date to March 17, 1893, and of the amount of rents and income of said premises collected and retained by said Cochran to the time of his death and by the defendants to the expiration of the lease on May 1, 1906; that sufficient of the moneys so collected and retained be applied in payment of the amount due from the plaintiff upon the mortgage and that the plaintiff be allowed to redeem the mortgaged lease and property, or as a substitute therefor that he recover of the defendants the excess of moneys so collected and retained by them and their testator over and above the amount secured by the mortgage; that the plaintiff have such other and further relief as may be just and proper. The Appellate Division, reversing the Special Term, sustained the demurrer because of the fact that Cochran took possession of the

premises "without the consent of the plaintiff and against his protest."

*Alton B. Parker, Henderson Peck, Herbert G. McLear* and *Robert E. McLear* for appellant. It is immaterial to the right of redemption that the mortgagee is in adverse possession, unless such possession has continued for twenty years. (Code Civ. Pro. § 379; *Becker* v. *McCrea,* 193 N. Y. 423.) Independent of the Code, the plaintiff's right to redeem is in no way affected by the fact that the mortgagee was in possession of the premises — adverse or otherwise. (*Parsons* v. *Noggle,* 23 Mich. 328; *Shelley* v. *Cody,* 187 N. Y. 166; Pom. Eq. Juris. § 1219; *Miner* v. *Beekman,* 42 How. Pr. 33; *Robinson* v. *Ryan,* 25 N. Y. 320; *Winslow* v. *Clark,* 47 N. Y. 261; *Stoddard* v. *Whiting,* 46 N. Y. 627; *Campbell* v. *Ellwanger,* 81 Hun, 251; *Finn* v. *Lally,* 1 App. Div. 411; *Borst* v. *Boyd,* 3 Sandf. Ch. 501; *Jefferson* v. *Bangs,* 197 N. Y. 35.) At the time of the commencement of this action an action in ejectment could not have been maintained. (*Butler* v. *Frontier Tel. Co.,* 186 N. Y. 486.) The defendants cannot plead their own wrong in surrendering up the lease, as a defense to an action to redeem. (*Mooney* v. *Byrne,* 163 N. Y. 86.) A mortgagor's action to redeem personal property from a mortgage must be brought in equity. (*Casserly* v. *Witherbee,* 119 N. Y. 522; *Bragelman* v. *Dane,* 69 N. Y. 69; *Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90; *Patchin* v. *Pierce,* 12 Wend. 61; *Stoddard* v. *Dennison,* 7 Abb. Pr. [N. S.] 309; *King* v. *Van Vleck,* 40 Hun, 68; *Hall* v. *Sampson,* 35 N. Y. 274; *Newsan* v. *Fitch,* 25 Barb. 175.)

*Samuel Untermyer, James L. Bishop* and *Percy H. Stewart* for respondents. The plaintiff on the facts stated is not entitled to maintain an action to redeem. (*Trimm* v. *Marsh,* 54 N. Y. 599; *Howell* v. *Leavitt,* 95 N. Y. 617; *Barson* v. *Mulligan,* 191 N. Y. 306; *Deutsch*

v. *Haab*, 135 App. Div. 756; *Bilger* v. *Nunan*, 199 Fed. Rep. 549; *Rogers* v. *Benton*, 39 Minn. 39; *Becker* v. *McCrea*, 193 N. Y. 423.) The complaint does not state facts entitling the plaintiff to equitable relief upon the termination of the leasehold. (*Mooney* v. *Byrne*, 163 N. Y. 86.) The complaint does not state facts entitling the plaintiff to an accounting in equity. (*Mervin* v. *Brooks*, 94 N. Y. 71; *Schantz* v. *Oakman*, 163 N. Y. 148; *Harle* v. *Brennig*, 131 App. Div. 742; *Seaward* v. *Davis*, 133 App. Div. 191; *Niehaus* v. *Niehaus*, 141 App. Div. 251; *Stewart* v. *Auerbach*, 148 App. Div. 222.) The complaint does not state facts entitling the plaintiff to redeem the chattels. (Thomas on Chattel Mort. § 34; *Newsam* v. *Finch*, 25 Barb. 175; *Van Hassel* v. *Borden*, 1 Hilt. 128; *Ford* v. *Ransom*, 39 How. Pr. 429; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391.) The complaint does not state any cause of action. (*Loeb* v. *Supreme Lodge*, 198 N. Y. 180; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Kelly* v. *Downing*, 42 N. Y. 71; *Perrin* v. *Smith*, 135 App. Div. 131; *Wetmore* v. *Porter*, 92 N. Y. 76; *Corrigan* v. *C. I. Jockey Club*, 51 N. Y. S. R. 59.)

Miller, J. It is undoubtedly the law that ejectment will lie against a mortgagee who has taken possession without the consent, express or implied, of the mortgagor, but not if the mortgagor consent to, or acquiesce in, the entry of the mortgagee. In the former case ejectment is an adequate remedy, if the mortgagor seek merely to regain possession. But it does not follow that a mortgagor may not, if he choose, treat a mortgagee who has taken possession wrongfully as a mortgagee in possession. The only cases in the books disclosed by a diligent search in which a mortgagor was denied relief in equity on the ground that he had an adequate remedy at law, the mortgagee's possession being wrongful, were cases in which the plaintiff sought simply to regain possession, in

other words to maintain a possessory action in equity. (*Endel & Son* v. *Walls,* 16 Fla. 786; *Pfeltz* v. *Pfeltz,* 14 Md. 376.)

An action to redeem will lie against a mortgagee who is not, and has not been, in possession. Is the mortgagor in a worse case, if the mortgagee gets possession wrongfully? Surely the defendants cannot resist the application of rents and income to the payment of the plaintiff's debt on the ground that they had no right to receive such rents. The debt being paid, the mortgagor is entitled to have the apparent lien of the mortgage removed as a cloud upon his title. If it were still unpaid he would be entitled in equity to compel the acceptance of the amount due and the discharge of the mortgage. Tender of the amount due is not even necessary before bringing suit. (*Casserly* v. *Witherbee,* 119 N. Y. 522, 528.) "The mortgagor can always come into a court of equity and obtain a decree removing the lien of the mortgage." (Pomeroy's Equity Jurisprudence, sec. 1219.) The right to maintain such a suit in equity exists independently of who has possession. (*Miner* v. *Beekman,* 50 N. Y. 337.) *A fortiori* it exists, even though the mortgagee be wrongfully in possession. We still style such a suit one to redeem, whereas a mortgagor of real property now has the legal title, not as formerly a mere equity of redemption. The substantial rights of the parties should not be obscured by the use of terminology no longer strictly accurate. Indeed with respect to the personal property the action is in fact as well as in name one to redeem, as the mortgagee had the legal title. The mortgagor had a right of redemption, enforceable only in equity. (*Pratt* v. *Stiles,* 17 How. Pr. 211; *Stoddard* v. *Denison,* 38 How. Pr. 296; *Bragelman* v. *Daue,* 69 N. Y. 69; *Casserly* v. *Witherbee, supra.*) The cases cited by the Appellate Division on this point do not hold the contrary.

I have thus far considered the case as though it

were an ordinary action by a mortgagor to redeem, because the learned Appellate Division held that the complaint was rendered demurrable by the averment that Cochran took possession "without the consent of the plaintiff and against his protest." In my opinion the facts pleaded show at least three distinct grounds for equitable relief: 1. To have the assignment absolute in terms adjudged to be a mortgage. 2. To have the lien of the mortgage discharged on the ground that the debt had been paid. 3. To compel the defendants to account for the money received on the surrender of the lease. As an incident to the first and second grounds of relief the plaintiff was entitled to an account of the income and rents received by the defendants and their testator while wrongfully in possession, even assuming that he would not be entitled to such an account as an independent remedy.

The assignment and the collateral agreement to reassign on stated terms do not on their face constitute a mortgage. It will be necessary for the plaintiff to show by parol that the assignment was given as security for the payment of a debt. That he may do that in equity is well established. (*Horn* v. *Keteltas*, 46 N. Y. 605; *Odell* v. *Montross*, 68 N. Y. 499; *Russell* v. *Southard*, 12 How. [U. S.] 139.) The plaintiff does not ask alone that the assignment be adjudged a mortgage. He seeks a complete determination of all the issues between the parties involved in the matter in controversy.

The right to maintain an action in equity to have the lien of the mortgage discharged on the ground that the debt has been paid has already been sufficiently discussed.

Even assuming that the defendants have the right to insist that Cochran's wrongful entry precluded the plaintiff from treating him as a mortgagee in possession, they certainly cannot insist that the surrender of the lease and the acceptance of $100,000 from the lessors had no relation to the assignment of the lease held by them.

They could not as assignees receive the money of their assignor in name, mortgagor in fact, and then insist upon holding it as trespassers wholly apart from any rights under the assignment. The case in that aspect is in principle precisely like the case of *Horn* v. *Keteltas* (*supra*), in which the plaintiff had judgment adjudging that a deed absolute in terms was intended as a mortgage and requiring the defendant to account for the rents and profits and the avails of the sales of the lands mortgaged.

In my view of the case enough has been said to demonstrate that the plaintiff is rightfully in equity. If so, the court undoubtedly has jurisdiction to make a complete determination of the matters in controversy between the parties. A closer view of the essential facts makes the case even plainer. Cochran held an assignment of the plaintiff's leasehold interest in certain real property and a bill of sale of certain chattels absolute in form but intended as security for the payment of a debt. He wrongfully took possession of the premises and chattels and he and his executors, the defendants, received and retained more than sufficient rents and income to pay the mortgage debt. Upon the termination of the lease the defendants received for improvements made by the plaintiff $100,000, the sum stipulated to be paid at their option by the lessors in lieu of giving a renewal for twenty years. The defendants now ask that the plaintiff be remitted to an action at law, but it is for the party injured, not for the wrongdoers, to say whether the wrongful acts of the latter shall be divorced from their character as mortgagees.

Equity treats a mortgagee lawfully in possession as a constructive trustee. (*Hubbell* v. *Moulson,* 53 N. Y. 225; *Russell* v. *Southard, supra.*) Should a mortgagee unlawfully in possession be in a better case? To put the question is to answer it. The law does not apply the rents and profits received by a mortgagee in possession to the

payment of the mortgage. Such application depends upon the result of an accounting on equitable principles. (*Hubbell* v. *Moulson, supra,* at page 228.) If the view of the learned Appellate Division is sound a mortgagor in such a case as this would first have to bring an action in ejectment in which he would recover possession and as damages the rents and profits or the value of the use and occupation. He would then have to bring an action in equity to be allowed to pay the mortgage and have it discharged. Surely the law does not require such circuity of action.

The fact that the defendants' wrong has made it impossible for the plaintiff to recover the mortgaged property does not justify a court of equity in denying him any relief. (*Meehan* v. *Forrester,* 52 N. Y. 277; *Mooney* v. *Byrne,* 163 N. Y. 86.) I am unable to perceive any distinction in principle between those two cases and this. In both the plaintiff sought to have deeds absolute in form adjudged to be mortgages and to redeem. In both the defendants had wrongfully sold the premises, and in both the defendants were held liable to account in equity either for the proceeds of the wrongful sale or the value of the land. The acceptance in this case of the stipulated surrender value of the lease was the equivalent of the wrongful sale in those cases.

While the relation between mortgagor and mortgagee is not strictly fiduciary the courts carefully scrutinize transactions between them. (*Russell* v. *Southard, supra; Odell* v. *Montross, supra.*) If the mortgagee wrongfully take possession, the mortgagor may of course maintain ejectment but that remedy is possessory only and has no relation whatever to the rights of the parties as mortgagor and mortgagee. I can think of no reason, and none is suggested, why the mortgagor may not in such case waive the trespass, elect to treat the possession of the mortgagee as lawful, and in one action get all the relief to which he is entitled, precisely as was done in *Shelley* v. *Cody* (187 N. Y. 166). It is true the point

was not raised in that case. Apparently it is now asserted
for the first time in this state that a mortgagee in such
case has a right to insist upon being treated as a trespasser.
The right of a mortgagor to maintain a suit in equity
against a mortgagee wrongfully in possession was plainly
recognized by this court in *Becker* v. *McCrea* (193 N. Y.
423), which involved the construction of section 379 of the
Code of Civil Procedure. It was there decided that in
using the words "adverse possession" the legislature
meant precisely what it said. It is quite true that that
section was intended to prescribe a statute of limitations
of twenty years to an action to redeem real property
from a mortgage with or without an account of rents
and profits, but only in case the mortgagee in possession,
or those claiming under him, "have continuously main-
tained an adverse possession of the mortgaged premises."
In *Miner* v. *Beekman* (*supra*) it was held that in respect
to the time within which such actions must be instituted,
an action to redeem fell within section 97 of the old Code,
the general section prescribing ten years as the time
within which actions, not otherwise specially provided
for, must be brought. In that case Judge GROVER said
referring to a case where the mortgagor had continued in
possession, that the right to maintain the action for the
purpose of removing a cloud from title is a continuing right
"that may be asserted at any time during the existence of
the cloud; never barred by the statute of limitations while
the cloud continues to exist." (p. 343.) Wherefore he con-
cluded that the statute did not commence to run until the
mortgagee entered into possession. He then said: "The
statute, I think, would not then commence running had
the defendants or their grantor entered and continued in
possession, avowedly as mortgagees, and would not run
while they so held, for the reason that it is a continuing
right of the owner to pay off and discharge a mortgage,
and, by so doing, regain the possession of the land."
(p. 344.) So that the law as declared by this court then

was that there was no limitation of time to an action to redeem if the mortgagor continued in possession and none if the mortgagee had entered and continued in possession avowedly as mortgagee, but that if the mortgagee was in possession claiming in hostility to the mortgagor the action to redeem must be brought in ten years. Chief Judge CULLEN in *Becker* v. *McCrea* (*supra*) quoted the dictum of Judge GROVER in *Miner* v. *Beekman* (*supra*), referred to the note of Mr. Throop to section 379 of the present Code, and said: " The use of the word ' adverse ' in the light of the previous intimation by this court in the *Miner* case seems to indicate very clearly that it was the intention of the legislature to incorporate that intimation or dictum into the statute law." (p. 429.) The effect, therefore, of section 379 of the Code of Civil Procedure, as construed by this court, was to prescribe a statute of limitations of twenty instead of ten years in the single case of an adverse holding by a mortgagee, and to recognize the dictum of Judge GROVER that in case the mortgagor was in possession, or in case the mortgagee was in possession avowedly as such, the right to redeem was a continuing right and could be asserted at any time. Only so could the word " adverse " as used in the statute be given effect according to its ordinary meaning. Chief Judge CULLEN, in answer to what the writer had said in the Appellate Division in that case, instanced a case to which the statute might apply where the mortgagee had entered with the consent of the mortgagor, namely, where after such entry he had assumed to convey the land as the absolute owner thereof or had repudiated his relation as mortgagee; but, as far as the mortgagor's right to maintain an action to redeem is concerned, there can be no distinction between a tortious entry and a tortious possession following a lawful entry. In either case the wrongdoer may be treated as a trespasser, but the point is that it is open to the mortgagor to elect whether to treat the possession of the mortgagee as tortious or as lawful.

The order of the Appellate Division should be reversed, the judgment of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the affirmative.

COLLIN, J. (dissenting). It is the law, in this jurisdiction, that a mortgagee who takes possession of the mortgaged premises without the consent of the owner of the equity of redemption, express or implied, is not a mortgagee in possession (*Becker* v. *McCrea*, 193 N. Y. 423), and has, in so far as his rights as mortgagee have effect, unlawfully taken possession and is as to the owner of the premises a trespasser removable by the action of ejectment. (*Barson* v. *Mulligan*, 191 N. Y. 306; *Howell* v. *Leavitt*, 95 N. Y. 617; *Gross* v. *Welwood*, 90 N. Y. 638; *Deutsch* v. *Haab*, 135 App. Div. 756.) Other jurisdictions have applied such principles. (*Russell* v. *Ely*, 2 Black [U. S.], 575; *Newton* v. *McKay*, 30 Mich. 380; *Pierce* v. *Grimley*, 77 Mich. 273; *Endel & Son* v. *Walls*, 16 Fla. 786.) It follows, obviously, that Cochran was not a mortgagee in possession of the mortgaged property, nor were the defendants such mortgagees. Neither he nor they acquired the security, additional to the lien under the mortgage, of the possession of the property and the rents and income thereof pending the foreclosure of the mortgage. They were quite as far from acquiring it as they would have been had they taken possession under a claim hostile to the title of the plaintiff or an unpaid judgment against him or his promissory note. They had no right to it under the mortgage or through any subsequent agreement or consent of the plaintiff and in no other way could they get it. Their tortious possession had no relation to their status or rights as mortgagees or remedies applicable to them, but made them trespassers from whom possession and damages might be recovered through actions at law. Because they did not take or hold the possession of the property or the rents or income as a security for

the indebtedness, or in the quasi character of trustee or bailiff of the plaintiff, but wrongfully and strangely, he cannot through an accounting either compel or have an application of the rents and income to the mortgage. It is, we think, the universal rule, and the reasons would seem apparent, that in order to have the action for an accounting for rents and profits against a mortgagee or to charge him with them, it must be alleged, in effect, and proven that he has occupied the mortgaged premises as a mortgagee in possession. (*Armistead* v. *Bishop,* 161 S. W. Rep. 182 [not yet officially reported]; *Gaskell* v. *Viquesney,* 122 Ind. 244; *Hart* v. *Chase,* 46 Conn. 207; *Anderson* v. *Lanterman,* 27 Ohio St. 104; *Rogers* v. *Herron,* 92 Ill. 583.) The present complaint alleges the opposite. The case of *Shelley* v. *Cody* (187 N. Y. 166) is not an authority in the question under consideration because it was not presented or considered in deciding the case.

The appellant asserts that section 379 of the Code of Civil Procedure confers the right to redeem against the mortgagee in possession with no limitation as to the character of the possession. The section is: "An action to redeem real property from a mortgage, with or without an account of rents and profits, may be maintained by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises, for twenty years after the breach of a condition of the mortgage, or the nonfulfilment of a covenant therein contained." The section has not such purpose or effect, but rather that of creating a statute of limitations in favor of a mortgagee who, being originally a mortgagee in possession, assumes while such and continuously maintains an adverse possession for twenty years. (*Becker* v. *McCrea,* 193 N. Y. 423; *Wadleigh* v. *Phelps,* 149 Cal. 627, 640.)

An action to redeem will lie against a mortgagee who is not and has not been in possession. To redeem from a

mortgage is to have the lien thereof discharged upon the payment of the debt secured by it or because it has been paid, and may be effected at any time after the entire debt secured is due and payable. In the present action, however, the complaint does not state facts sufficient to constitute the cause of action to redeem. Obliterating from it the allegations relating to the unlawful possession and the receipt of the rents and income by Cochran and the defendants, there remain as the material facts alleged the original lease to the plaintiff, the loans by Cochran to him and the instruments constituting the mortgage; and the prayer for a judgment that those instruments were given as security for the payment of the loans and constitute a mortgage by operation of law, and for other and further proper relief. A court will not entertain an action which seeks solely to have a deed or written instrument declared a mortgage and excludes the enforcement or cancellation of or redemption from the mortgage. (*Cowing* v. *Rogers*, 34 Cal. 648; *Cline* v. *Robbins*, 112 Cal. 581; *Mack* v. *Hill*, 28 Mont. 99.)

The judgment should be affirmed, with costs, and the question certified answered in the negative.

All concur with MILLER. J., except COLLIN, J., dissenting in opinion, with whom WERNER and HOGAN, JJ., concur.

Ordered accordingly.